## NASH *a.* HAMILTON.

*Supreme Court, Sixth District ; General Term, May,* 1856.

### SET-OFF.—JUDGMENT.—ASSIGNMENT TO ATTORNEY.

An action for a tort merely personal, is not assignable so as to allow the assignee to sue in his own name.

After verdict for plaintiff, in an action for a personal tort, but before judgment, plaintiff assigned the verdict *and the judgment to be entered thereon,* to his attorney for a valuable consideration. The defendant had notice of the assignment.— *Held,* that the assignment was effectual to prevent the defendant setting off a judgment subsequently recovered in his favor against the plaintiff, against the judgment so assigned.

Appeal from an order of the special term directing a set-off between two judgments.

*H. Ballard,* for appellant.

*Mr. Foster,* for respondent.

BY THE COURT.*—BALCOM, J.—On February 3, 1855, at the Delaware Circuit, the plaintiff obtained a verdict in this action for $75, for slanderous words spoken by the defendant of and concerning the plaintiff, and judgment was entered against the defendant upon such verdict on the 5th day of May, 1855, for $196 47 damages and costs. Immediately

---

* Present Shankland, Gray, Balcom, and Mason, J. J. Mr. Justice Mason, not having heard the argument took no part in the decision.

after the entry of the verdict by the clerk on the 3d day of February, aforesaid, the plaintiff, to secure his attorney for services in the action, and for money lent to him and paid out for him by such attorney, executed and delivered to such attorney, an assignment of said verdict, entitled in the action, and which was in these words, *viz:*—" I hereby assign to W. C. Lamont, the verdict in my favor this day entered, and the judgment to be entered thereon, for a valuable consideration, and all my right, title, claim, and interest therein. February 3, 1855." " Johnson Nash." (Seal). Of this assignment the plaintiff and his attorney then had due notice.

On February 14, 1855, the defendant recovered a judgment against the plaintiff in a justice's court, upon a promissory note, for $49 83 damages and costs, which judgment was duly docketed in the office of the clerk of Delaware County, on April 5, 1855.

The defendant paid the plaintiff's attorney $145, towards the verdict and costs in this action, on February 8, 1855, and took his receipt therefor, as attorney for the plaintiff, and as assignee of the verdict and costs. After judgment was perfected on such verdict, the defendant moved at the Otsego special term in June, 1855, for an order to set off his justice's court judgment against the plaintiff's judgment in this action. The motion was granted, upon the assumption, that the amount of the judgment in this action was sufficient to satisfy the defendant's judgment against the plaintiff, and also the entire consideration, for which the verdict and costs were assigned to the plaintiff's attorney. The judge at the special term, in order to arrive at this conclusion was obliged to make a computation or estimate of the indebtedness, from the plaintiff to his attorney, which he was not authorized to do. A portion of such indebtedness was for services in the action, the value of which was disputed, and such value could not be fixed by the court, from the affidavits used on the motion. The plaintiff has appealed from the order of the special term to the general term of this court.

The material question that should have been determined on the motion at the special term, was whether the verdict in the action, and the judgment *to be entered* thereon, were as--

signable before the actual entry of the judgment, so as to defeat the right of the defendant to have his judgment against the plaintiff set off against the judgment in this action; and that is the main question to be decided on this appeal.

The action was for a personal tort. All the authorities agree that a cause of action arising from a tort merely personal, as assault and battery, slander, and the like is not assignable, so as to authorize the assignee to sue for the same in his own name (Robinson *v.* Weeks, 6 *How. Pr. R.*, 161; Hodgman *v.* Hudson River R. R. Co., 7 *Ib.*, 492; 12 *Wend.*, 279; 19 *Ib.*, 73; Comegys *v.* Vasse, 1 *Pet.*, 213; Purple *v.* Hudson River R. R. Co., 1 *Abbott's Pr. R.*, 33; 2 *Kern.*, 622). Such causes of action die with the persons in whose favor they exist. They do not pass from an insolvent debtor to his assignee by a general assignment of all his property and effects, for the benefit of his creditors. (North *v.* Turner, 9 *Serg. & R.*, 248 and 249; *Burrill on Assignments*, 68, note 2). The *verdict* in an action for a personal tort does not transform the cause of action into a *debt*. It does not become a *debt* until consummated by judgment. (Crouch *v.* Gridley, 6 *Hill*, 250; Davenport *v.* Ludlow, 4 *How. Pr. R.*, 337; *East.*, 179; Kellog *v.* Schuyler, 2 *Den.*, 73).

At the time the verdict in this action was assigned by the plaintiff to his attorney, no right of set-off existed against it in favor of the defendant. If the verdict was assignable none could afterwards arise against it, by the entry of judgment upon it, except upon a judgment against the assignee. (Ferguson *v.* Bassett, 4 *How. Pr. R.*, 168; 4 *Hill*, 559; 5 *Ib.*, 568). Was the assignment of the verdict and the judgment *to be entered* thereon good for any purposes. It surely was, although ineffectual, technically speaking, to transfer any interest in the subject matter of the action. It was not unlawful by reason of maintenance or champerty: but it was binding as a *covenant* by the plaintiff with his attorney, that the latter should receive the verdict and costs when put into judgment and enforced by execution. The same belonged to the attorney in equity and conscience. If the defendant had paid the verdict and costs to the plaintiff, the assignee could have recovered the money of the plaintiff as money

had and received to his use. The plaintiff in such case would have held the money for the use of the assignee. This doctrine was established in the case of Stanton *v.* Thomas, (24 *Wend.*, 70). And the decisions in The People *v.* Tioga Common Pleas, (19 *Wend.*, 73), and Countryman *v.* Boyer, (3 *How Pr. R.*, 386), are to the same effect.

The right to have one judgment set off against another on a motion for that purpose is an equitable one. (4 *How. Pr. R.*, 170). The equitable right of the plaintiff's assignee to the money due upon the judgment in this action is superior to the right of the defendant to set off his judgment against it. The assignee's equitable claim to the money, of which the defendant had timely notice, dates back of the defendant's judgment against the plaintiff. The defendant, therefore, had no right to compel a set-off when the judgment in favor of the plaintiff was perfected. The plaintiff's assignment to his attorney of the verdict, and of the judgment to be entered on it, operated as a *covenant* that the judgment should be entered in the name of the former, for the benefit of the latter; and it became operative as an equitable assignment to the latter, of the money due on the judgment, the moment such judgment was perfected.

There probably is a greater sum due upon the judgment in this action than the attorney can hold under his assignment; but such sum cannot be ascertained on this motion. The defendant must adopt some other remedy to obtain it. The order of the special term must therefore be reversed with ten dollars costs.

Order accordingly.