## Zogbaum *vs.* Parker and Blodgett.

Z., the plaintiff, was the owner of a judgment against B., one of the defendants. In an action brought by B. against Z. for false imprisonment, a verdict was rendered in favor of B. Before judgment was entered B., in pursuance of a previous agreement, assigned the verdict to his attorney, in payment for legal services in the action and other indebtedness. *Held* that the agreement between B. and his attorney, as to the disposition of the proceeds of that suit, was valid.

*Held, also,* that the plaintiff had no claim to set off the judgment owned by him against the one recovered in the action brought by B. That the right to set-off did not arise until judgment was perfected; and the assignment of the verdict was a complete answer to the claim of set-off.

*Held,* further, that the verdict, though recovered in an action for a tort to the person, was assignable.

The test of the assignability of a claim is, whether it would survive. A right that may be transferred by operation of law has the elements of property, and may also be transferred by act of the party.

An action for a tort survives after verdict. (*Code* § 121, amendment of 1859.)

The case of *Brooks* v. *Hanford* (15 *Abb.* 342) overruled.

APPEAL, by the plaintiff, from a judgment of the Special Term of Erie county, dismissing the complaint, in an equity case.

The facts appear in the opinion.

*W. W. Rowley,* for the appellant.

*P. G. Parker,* for the respondents, cited *Benedict* v. *Stewart,* (23 *Barb.* 420;) *Wilde* v. *Joel,* (15 *How.* 529;) *Stow* v. *Hamlin,* (11 *id.* 452;) *Nesbit* v. *Lockman,* (34 *N. Y.* 167;) *Fox* v. *Fox,* (24 *How.* 409; 18 *N. Y.* 368; 14 *id.* 289, 322;) *Fogerty* v. *Jordan,* (2 *Rob.* 319;) *Voorhies* v. *Dorr,* (51 *Barb.* 480;) *Rooney* v. *Second Ave. R. R. Co.,* (18 *N. Y.* 368;) *Hall* v. *Ayer,* (19 *How.* 91;) *McGregor* v. *Comstock,* (28 *N. Y.* 237;) *Ely* v. *Cooke,* (*Id.* 365;) *Mackey* v. *Mackey,* (43 *Barb.* 58; 19 *How.* 92, 153;) *Brooks* v. *Hanford,* (15 *Abb.* 342, per Daniels, J.; *Code,* § 121;) *Wood* v. *Phillips,* (11 *Abb. N. S.* 1;) *Voorhies' Code, p.* 458, *note p; Roberts* v.

*Carter,* (38 *N. Y.* 107 ; 11 *Paige,* 517 ; 4 *John. Ch.* 11 ; 6 *Cowen,* 261 ; 3 *Wend.* 400.)

*By the Court,* TALCOTT, J. This action was commenced as a suit in equity to compel a set-off of a judgment recovered in June, 1870, for $482.79, in favor of the plaintiff in this action and one Rufus Fairchild, against John R. Blodgett, against and upon a judgment recovered in November, 1871, in favor of John R. Blodgett, against the said Zogbaum, for $527.17. The court below finds that Zogbaum was the sole owner of the judgment recovered in the name of himself and Fairchild. Parker was the attorney and counsel of Blodgett, in his action against Zogbaum, which was an action for false imprisonment. The court finds as facts, that at the time of the commencement of the action of *Blodgett* v. *Zogbaum,* Blodgett was justly and fairly indebted to Parker in the sum of $200 for services rendered as attorney and counsel in this court. And that at the time of the commencement of the action it was agreed between Blodgett and Parker that out of the recovery in the action, if any, Parker was to own and have for his services, as attorney and counsel therein, the taxable costs and a reasonable counsel fee. That at the time of the commencement of the action Blodgett retained John Ganson, Esq., counsellor of the court, to assist Parker on the trial, and that for such service, Ganson should be paid a reasonable counsel fee out of the recovery. That it was further, at the same time, agreed between Blodgett and Parker that if anything remained after paying the expenses of the suit, such residue should be assigned and belong to Parker for the purpose of paying and satisfying the debt of $200 previously due to him.

The recovery against Zogbaum was for $400 damages, and upon the rendition of the verdict, before any judgment was entered, Blodgett assigned the verdict, dam-

Zogbaum *v.* Parker.

ages, and all his interest in the costs and disbursements, to Parker. This assignment was with the consent of Ganson, and upon the agreement that when the amount should be collected, Parker should pay over to Ganson the sum of $150 as his counsel fee. The court finds the amount of a reasonable counsel fee to Ganson in the case to be $150, and to Parker the same. The judgment of the court dismissing the complaint was correct.

*First.* The original agreement made at the commencement of the suit, as to the disposition of the proceeds of the recovery, was valid and binding. It was decided in *Rooney* v. *Second Avenue R. R. Co.,* (18 *N. Y.* 368,) that an attorney's lien still exists, and applies to the amount which was agreed upon as a compensation ; and that "it is still true that the attorney is to be regarded as the equitable assignee of the judgment to the extent of his claim for services in the action." Presumptively the lien of the attorney extends only to the amount of the taxable costs. If by the agreement the compensation was to be greater, notice to the opposite party would be required in order to protect the lien for the excess against a *bona fide* settlement and satisfaction as between the parties. (*McGregor* v. *Comstock,* 28 *N. Y.* 237.) Where the judgment is previously agreed to be assigned to the attorney or anybody else, in good faith, for value, the assignee has the prior equity, and cannot be superseded by a right to set off which subsequently accrued, on the recovery of the judgment. (*Ely* v. *Cooke,* 28 *N. Y.* 365.) There is nothing illegal about the agreement between Blodgett and Parker and Ganson. In *Rooney* v. *Second Avenue R. R. Co.* (*supra*) it is held "that section 303 of the Code abrogates all provisions of law which might restrain an attorney in agreeing with his client for the measure or mode of his compensation, and it leaves such compensation to the agreement of the parties, express or implied. What was before not only illegal but disreputable, is now lawful." (*Id.* 373.)

The law of maintenance and champerty is not in force in this state, except so far as it is contained in our statutes; and they do not embrace a case of this description. (*Sedgwick* v. *Stanton*, 14 *N. Y.* 289.) The authorities referred to by the plaintiff's counsel to show that such an agreement is illegal and void are no longer applicable in this state.

*Second.* The assignment of the verdict is a complete answer to the claim of the plaintiff to set off. The right to set off did not arise till judgment was perfected. There is no set-off against or in favor of a mere verdict or report of a referee, in an action for tort. "On the day of the assignment no right of set-off existed. It was only upon the entry of judgment that the plaintiff came into a situation to claim a set-off, either by motion, or bill in equity, and before that time the claim of Carter had been assigned for a valuable consideration to his attorney, the defendant." (*Roberts* v. *Carter*, 38 *N. Y.* 107.)

The verdict, though recovered in an action for a tort to the person, was assignable.

The test of the assignability of a claim is the question whether it would survive. By the act of 1857, the Code was so amended as to provide that demands in actions for torts shall survive after verdict. A right that may be transferred by operation of law has the elements of property, and may also be transferred by act of the party. The case of *Brooks* v. *Hanford*, (15 *Abb.* 342,) holding such a verdict not assignable, was decided upon two cases: (*Crouch* v. *Gridley*, 6 *Hill*, 250, and *Kellogg* v. *Schuyler*, 2 *Denio*, 73.) Both of these cases arose on the construction of the Bankrupt Law; and it was held that a mere verdict in an action for a personal tort, no judgment having been perfected, was not a debt, so as to be discharged by a discharge in bankruptcy.

*Brooks* v. *Hanford* was decided contrary to the previous decision of the General Term of the Sixth District.

(*Nash* v. *Hamilton*, 3 *Abb. Pr.* 35.) The effect of the amendment of 1857, above referred to, was not considered, and the case has been expressly overruled in a recent case, in which the whole subject has been carefully considered. (*Mackey* v. *Mackey*, 43 *Barb.* 58.)

The judgment must be affirmed, with costs of the appeal to the respondent.(*a*)

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

(*a*) Affirmed, 55 *N. Y.* 120.