DENNIS G. LITTLEFIELD, Respondent, v. THE ALBANY COUNTY BANK, Impleaded, etc., Appellant.

While plaintiff and defendant J. were partners in business, P. obtained judgment against them for an infringement of letters-patent. Pending an appeal therefrom, plaintiff bought out J.'s interest in the firm, giving his promissory notes therefor. It was agreed that this purchase should not affect J.'s liability in said suit, but that plaintiff should attend to its defense, and J. pay one-half the expenses and of any recovery therein. J. sued plaintiff on the notes and while the action was on trial assigned his claim and any recovery therein to defendant, the Albany County Bank, as collateral security for a precedent indebtedness. J. was at the time insolvent, and so continued. Plaintiff was allowed, by way of set-off in said action, one-half the costs and expenses incurred, up to its commencement, by him in the P. suit, but those incurred, subsequently, were rejected and J. obtained judgment for a balance so found due. Plaintiff subsequently settled the P. suit, the bank threatened to enforce the judgment and thereupon plaintiff brought this action to have one-half the sum paid by him on such settlement, and of the costs and expenses not allowed to him, set off against and applied in satisfaction of J.'s judgment. *Held*, that plaintiff was entitled to the relief sought.
Whoever takes an assignment of an overdue debt or obligation takes it subject to all the equities existing in favor of the debtor against the assignor.
Equity requires that when two claims are connected, although one is unliquidated, a set-off should be compelled when, by reason of the insolvency of either debtor, satisfaction cannot be otherwise obtained by the other.

(Argued December 5, 1884; decided January 20, 1885.)

APPEAL by defendant, the Albany County Bank, from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 16, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*Isaac Lawson* for appellant. Right of set-off can only arise or attach when there is mutuality of debts of such a certain and ascertained character as to be capable of set-off, or being

applied in compensation of each other. (*Hackett* v. *Connett*, 2 Edw. Ch. 73.) The assignment will protect the assignee of an insolvent, against a claim arising out of the payment of a contingent liability existing at. the time of the assignment, but paid afterward. (*Chance* v. *Isaacs*, 5 Paige, 591.) The right to set-off does not attach until the debt sought to be set off has become due. (*Keep* v. *Lord et al.*, 2 Duer, 78 ; *Munger* v. *Albany City Bk.*, 85 N. Y. 580 ; *Beckwith* v. *Union Bk. of N. Y.*, 9 id. 211 ; Waterman on Set-off, 118 ; *Myers* v. *Davis*, 22 N. Y. 489 ; *Martin* v. *Kunzmiller*, 37 id. 396.) The right of set-off does not arise until there are mutual causes of action. (*Taylor* v. *Mayor, etc.*, 82 N. Y. 17 ; *Schermerhorn* v. *Anderson*, 2 Barb. 584 ; *Ainslie* v. *Boynton*, id. 263 ; *Bradley* v. *Angell*, 3 N. Y. 475 ; *Roberts* v. *Carter*, 38 id. 107 ; *Graves* v. *Woodbury*, 4 Hill, 559 ; *Markey* v. *Markey*, 43 Barb. 58 ; *Fink* v. *White*, 57 N. Y. 103 ; *Firminisch* v. *Bovee et al.*, 1 Hun, 532 ; *Mead* v. *Gillett*, 19 Wend. 397.) Precedent indebtedness is a good consideration to uphold an assignment as against a set-off arising after the assignment. (*Hackett* v. *Connett*, 2 Edw. Ch. 72 ; *Markey* v. *Markey*, 43 Barb. 58 ; *Zogbaum* v. *Parker*, 55 N. Y. 120 ; *Spencer* v. *Barber*, 5 Hill, 568 ; *Myers* v. *Davis*, 22 N. Y. 489 ; *Youmans* v. *Edgerton*, 91 id. 403.) The order denying the motion to dissolve the injunction did not make the question of liability to set off " *res adjudicata* " in. this case. (*Deufers* v. *Frosche*, 5 Hill, 493 ; *Snyder* v. *White*, 6 How. Pr. 321 ; *Bank et al.* v. *Tract Soc.*, 4 Sandf. Ch.: 438 ; *Mack* v. *Patchin*, 29 How. Pr. 29.) The. assignment to. the bank of the recovery to be had in the suit of Jagger against Littlefield operated as an assignment of the judgment in that action, when recovered, as found by the referee. (*Hackett* v. *Connett*, 2 Edw. Ch. 72 ; *Markey* v. *Markey*, 43 Barb. 58.)

*Hamilton Harris* for respondent. Plaintiff was entitled to the equitable set-off claimed. (*Smith* v. *Felton*, 43 N. Y. 419 ; *Davidson* v. *Alfaro*, 80 id. 660 ; *Coffin* v. *McLean*, id. 560 ; *Zogbaum* v. *Parker*, 55 id. 120 ; *Lindsay* v. *Jackson*, 2 Paige,

581; *Gay* v. *Gay*, 10 id. 369 ; *Shipman* v. *Lansing*, 25 Hun, 290; *Seymour* v. *Dunham*, 23 id. 93.)    The claim and cause of action of Perry against Jagger and Littlefield was extinguished by his settlement with Perry.    (*Brabin* v. *Hyde*, 32 N. Y. 523 ; *Davis* v. *Spencer*, 24 id. 391.)    Equity will look at the cause of action for which judgment upon the notes was recovered, and treat it according to the equities existing between Jagger and Littlefield, growing out of the very contract upon the faith of which the notes were given.    (*Davidson* v. *Alfaro*, 16 Hun, 359 ; affirmed, 80 N. Y. 660 ; *Shipman* v. *Lansing*, 25 Hun, 290.)    The insolvency of Jagger gives the absolute right to Littlefield to claim an equitable set-off against the judgment, both in Jagger's hands and in the hands of the bank as assignee thereof.    (*Gay* v. *Gay*, 10 Paige, 369 ; *Smith* v. *Felton*, 43 N. Y. 419 ; *Davidson* v. *Alfaro*, 16 Hun, 353 ; 80 N. Y. 660; *Seymour* v. *Dunham*, 24 Hun, 95 ; *Coffin* v. *McLean*, 80 N. Y. 560.)    The court has the equitable power of set-off in all cases.    (*Coates* v. *Donnel*, 48 N. Y. Supr. Ct. [J. & S.] 46 ; *Chance* v. *Isaacs*, 5 Paige, 592.)    The proof by Jagger's admission under oath, fixing the time of his insolvency, was proper, as establishing a fact in the case, the same as the proof without objection of his agreement with Littlefield, proof of the proceedings in the Perry suit, and Jagger's refusal to take part in the defense of the same, and other facts relating to their mutual claims.    (*Dunham* v. *Gates*, 3 Barb. Ch. 196 ; *Wright* v. *Nostrand*, 94 N. Y. 31.)

DANFORTH, J.    While the plaintiff and the defendant Jagger were equal partners in business as manufacturers, one Perry prosecuted them for infringing letters-patent, and obtained judgment under which damages were assessed at upwards of $50,000.    Exceptions taken by the firm were undecided, when on the 11th of March, 1872, Littlefield bought of Jagger his interest in the firm, and gave therefor his promissory notes.    At the same time, it was agreed that this purchase should not affect Jagger's liability in the Perry suit, but that Littlefield should attend to its defense, and " Jagger pay one-half of the

expenses and of the recovery therein." In August, 1873, Jagger sued Littlefield on these notes, and in May, 1876, while the action was on trial before a referee, assigned to the Albany County Bank all moneys which he might recover therein. He was charged by way of set-off in that suit, with one-half of the costs and expenses incurred by Littlefield between the 11th of March, 1872, and the commencement of the action, but the referee refused to take an account of those incurred subsequently, and on the 3d of March, 1877, judgment was entered against Littlefield for $22,576.20, which was affirmed on appeal June 7, 1880. On the 29th of June, 1880, the Perry suit was settled by Littlefield for the sum of $50,000, and he also paid other money for costs and expenses in defending it. The bank threatened to enforce the judgment, and this action was brought to have the sums paid by Littlefield on account of Jagger applied to its satisfaction. Upon trial of the issues, the trial court held that in the proportion fixed by the agreement between Littlefield and Jagger, the money so paid was applicable to that purpose. It appeared that Jagger was insolvent on the 14th of September, 1875, and so continued — that the assignment was made as collateral security for a precedent indebtedness, and that the bank parted with nothing on account of it.

We think the equity raised by these facts in favor of the plaintiff required no less a judgment than that given to him. There is, perhaps, as the appellant claims, no case just like the present, but the rule is perfectly established that whoever takes the assignment of an overdue debt or obligation, takes it subject to all the equities of the person who makes the assignment, and the debtor has against him exactly the same equities that he would have against the assignor; in other words, the assignee must abide the case of the person from whom he takes. The question on this appeal, therefore, is to be considered in the same manner as if Jagger had never assigned the right of action, and was himself about to enforce the judgment obtained upon the notes. What then is this equity?

It would certainly be unconscientious and a breach of moral

duty for Jagger to enforce payment while his indebtedness to the judgment debtor exceeded the judgment, and if this action was against him, no court could hesitate to apply the rule that mutual demands, even if independent, should compensate each other, leaving the difference as the sum due. In fact this rule was applied in his suit before judgment, so far as the expenses had accrued before its commencement. Subsequent ones were excluded, not because they did not constitute a valid debt, but because they had not been incurred before the commencement of the action, and as the debt so incurred was not liquidated until after the assignment, the appellant now relies upon a similar doctrine. It seems to have no application. The debts or obligations are not even independent. One may fairly be presumed to have been contracted on the faith of the other, each forming part of a single transaction, and the insolvency of one party renders the interposition of the court necessary for the protection of the other. These facts are not found in the cases relied upon by the appellant. It should be observed, moreover, that the obligation of Jagger to pay one-half of the Perry claim existed, and the claim itself was due, when the notes were given. The only question was whether the sum reported as damages should be reduced. The liability was conceded. It formed part of the partnership obligations. It was not separable except at the pleasure of the parties, and although provided for in a distinct agreement, the latter was necessary only to prevent misunderstanding as to the actual extent of the duty assumed by Littlefield as the purchaser of Jagger's interest in the firm. Jagger was liable for the Perry debt, as it should be established, and for the costs of litigation as part of the partnership liabilities. As to that the joint obligation was not dissolved. He, as well as Littlefield, was bound to Perry. After the maturity of the notes, and before their assignment to the bank, he became insolvent, so that to do complete justice equity would have required the action upon them to be suspended until the extent of Perry's claim should be determined and the proportionate share of each ascertained. That was not done, but the omission does not impair the plaint-

iff's rights. Equity requires that when two claims are con-
nected, although one is unliquidated, set-off should be com-
pelled when, by reason of the insolvency of either debtor,
satisfaction cannot be obtained. (*Gay* v. *Gay*, 10 Paige, 369 ;
*Davidson* v. *Alfaro*, 80 N. Y. 660.) That fact exists here ;
and when the present suit was commenced the precise sum due
from Jagger was ascertained. It would, therefore, be neither
just nor equitable to require Littlefield to pay Jagger's claim
and be remitted to a suit against an insolvent for his own.
The bank did nothing to displace Littlefield's equity or get a
better right than Jagger had.

We think the appeal fails, and the judgment should be
affirmed.

All concur.

Judgment affirmed.