## JAEGER v. KOENIG.

(City Court of New York, General Term.   July 11, 1900.)

JUDGMENT—ASSIGNMENT—EQUITABLE SET-OFF.

Judgment in favor of an insolvent plaintiff was entered, and on two successive appeals was affirmed, with costs, and the three judgments were assigned to her attorney for a precedent indebtedness, who had full knowledge of her insolvency and of all the facts of the litigation.   In a second action commenced by her, through such attorney, for the same cause, while the first action was pending, judgment of dismissal and for costs was entered against her after assignment of her original judgments.   *Held*, that the attorney took the assignments subject to the equities of his assignor, and his rights thereunder were subject to the equitable right of the judgment debtor to set off his judgment against those against him.

Appeal from special term.

Action by Marie Louisa Jaeger against John H. Koenig to recover moneys fraudulently obtained.   There was a judgment in favor of plaintiff, which on successive appeals was affirmed, with costs, and from an order denying defendant's motion to set off a judgment in his favor he appeals.   Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

George H. Hart, for appellant.

Samuel Scoville, Jr., for respondent.

SCHUCHMAN, J.   On November 12, 1896, the plaintiff commenced an action against the defendant in this court to recover the sum of $300, alleged to have been obtained from her by defendant by duress and false representations, and on May 20, 1898, judgment was recovered in said action against the defendant for $576.64.   On December 11, 1898, a judgment of affirmance by the general term of this court was entered, and for $114.31 costs (61 N. Y. Supp. 505), and on March 23, 1900, another judgment of affirmance (by the appellate term) was entered, and for $100.32 costs (62 N. Y. Supp. 803). These three judgments were assigned by the plaintiff to one Samuel Scoville, Jr., her attorney, on April 11, 1899, December 26, 1899, and March 23, 1900, respectively.   Scoville was engaged by the plaintiff as her attorney in these litigations on May 6, 1897.   On November 15, 1897, the said plaintiff brought another action for the same cause, on the same state of facts and seeking the same relief, against this defendant, in the supreme court, New York county, through said attorney, Scoville, who obtained an order of arrest against the defendant.   That order of arrest was, on motion, vacated and set aside on December 14, 1897; and by said motion said attorney, Scoville, was made fully acquainted with the fact that a prior action for the same cause was pending in this court, but in spite of that he never moved to discontinue the second action brought by him, but allowed, on April 14, 1899, a judgment to be entered in defendant's favor and against the plaintiff for a dismissal of the cause and $132.95 costs. The assignments of the said judgments by plaintiff to her attorney, Scoville, were made in consideration of an antecedent indebtedness. The motion papers established the further fact that the plaintiff is

virtually insolvent; that she has no property; that she, in her own affidavit, states:

"The only property I now possess consists of a judgment obtained against this defendant on May 20, 1898, and afterwards affirmed, with costs, on December 11, 1898, and March 23, 1900."

The motion under consideration was instituted to declare a set-off in favor of the defendant upon equitable principles. It is a rule in equity that cross demands, though unliquidated by judgment, will be set off against each other, if, from the situation of the parties, justice cannot otherwise be done. Davidson v. Alfaro, 80 N. Y. 660. To have one judgment set off against another is not a matter of absolute right, but is within the equitable discretion of the court to which the application is made; and, however the question is presented, such relief should be administered in all cases upon such equitable terms as will promote substantial justice. De Camp v. Thompson, 159 N. Y. 444, 54 N. E. 11. The insolvency of one of the parties is a sufficient ground for the allowance of a set-off in equity, even if not within the statute of set-offs. Littlefield v. Bank, 97 N. Y. 581. The plaintiff in this case is insolvent; she has no property; and it is right to adjudge a set-off, unless superior rights or equities of other persons had intervened. Plaintiff's attorney, Scoville, claims he has such a right. His claim is based upon an assignment of the judgment to secure him for services rendered and moneys loaned,—in other words, for a pre-existing debt. The assignment to him was, of course, taken subject to all the equities existing between the defendant and the plaintiff. The assignee, who is plaintiff's attorney, knew all of the facts of the case, and of the plaintiff's insolvency. Having such knowledge and notice, he took the assignments of the judgments for a precedent indebtedness (he parted with nothing on account of the assignment) that gives him no equities superior to his assignor. Whoever takes an assignment of an overdue debt or obligation takes it subject to all the equities of the person who takes the assignment, and the debtor has against him the same equities that he would have against the assignor. Littlefield v. Bank, supra. It would therefore be neither just nor equitable to require the defendant to pay plaintiff's judgment, and not require plaintiff to pay defendant's judgment. Plaintiff being insolvent, this can only be done by adjudging a set-off.

Order appealed from reversed, with costs and disbursements, and motion granted, with $10 costs. All concur.