(33 Misc. Rep. 82.)

### JAEGER v. KOENIG.

(Supreme Court, Appellate Term. November 21, 1900.)

1. Cross Judgments—Assignment—Equitable Set-Off.
    Where a judgment debtor recovered a judgment against his judgment creditor in a separate action in another court, after the latter had assigned his judgment to his attorneys, there was no right of equitable set-off between the judgments.

2. Same—Judgment for Costs—Ownership—Attorneys.
    A judgment for costs belongs to the attorney of the judgment creditor, and the judgment debtor cannot set off the same with a judgment recovered by him against such judgment creditor in a different action in another court.
    Giegerich, J., dissenting.

Appeal from city court of New York, general term.

Suit by Marie Louise Jaeger against John H. Koenig for equitable set-off of judgments. From a judgment in favor of plaintiff (65 N. Y. Supp. 795), defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Samuel Scoville, for appellant.
George H. Hart, for respondent.

O'GORMAN, J. The right to set-off on the part of the defendant did not accrue until the dismissal of the complaint in the supreme court action. Roberts v. Carter, 38 N. Y. 110; Zogbaum v. Parker, 66 Barb. 344. Three days before, however, the plaintiff's judgment in the city court case had been assigned to her attorney; but it is contended that this assignment was taken by the attorney subject to the existing equities, and that, therefore, the assignment

should not be permitted to impair the defendant's right to set-off. The rule, however, goes no further than that the assignee of a judgment takes it subject to rights of set-off which have already attached. 27 Am. & Eng. Enc. Law, 456. The equitable right to offset judgments, therefore, never existed between these parties; for, when the defendant's judgment for costs was obtained in the supreme court case, the plaintiff did not own the city court judgment. Perry v. Chester, 53 N. Y. 240. Littlefield v. Bank, 97 N. Y. 581, and Davidson v. Alfaro, 80 N. Y. 660, are not opposed to these views. In Davidson v. Alfaro the plaintiff had an existing claim, although unliquidated, at the time of the defendant's assignment to his attorneys. So, also, in the Littlefield Case plaintiff's claim against defendant's assignor existed and was due before the execution of the assignment, but in the case before us the defendant had no claim or demand until he became entitled to the judgment for costs on the dismissal of the complaint. Hoyt v. Godfrey, 3 Civ. Proc. R. 118, is not in point. There the court merely held that the assignment of plaintiff's costs did not prevent the court from offsetting the defendant's costs in the same action. Here the costs sought to be set off arose in an independent action and in another court. As to the two judgments for costs in the city court action, it is sufficient to say that they belonged to the plaintiff's attorney, and his claim thereto was superior to the rights of the adverse party. Husted v. Thomson (Sup.) 57 N. Y. Supp. 558.

The order of the general term of the city court should therefore be reversed, with costs, and the order of the special term, denying defendant's motion, affirmed, with costs.

GIEGERICH, J. (dissenting). On the 12th day of November, 1896, the plaintiff began an action against the defendant in the city court of New York to recover the sum of $300, on the ground of fraud and duress, and on May 20, 1898, she obtained a judgment for $576.64, damages and costs, which on December 11, 1898, was affirmed by the general term of that court, with $114.51 costs, and a judgment of affirmance was entered. From this latter judgment an appeal was taken to this court, where the judgment was affirmed, and on March 22, 1900, another judgment of affirmance was entered for $100.32 costs. Meanwhile, and on the 15th day of November, 1898, the plaintiff had begun another action against the defendant in the supreme court for the same cause. The defendant pleaded the pendency of another action, and on the 14th day of April, 1899, recovered a judgment against the plaintiff for $132.95 costs, which latter judgment the order appealed from has directed shall be set off against the judgments in the city court. The three judgments above mentioned in favor of the plaintiff were assigned by her to her attorney, who represented her in both actions, and still represents her on this appeal, on the respective dates following: The judgment for $576.64 on April 11, 1899; the one for $114.31 on December 26, 1899; and the one for $100.32 on March 23, 1900. The order to show cause why the set-off in question should not be allowed was obtained on March 27, 1900. The general term of the

city court granted the motion for the equitable reasons set forth in
the opinion printed in the record, among these the insolvency of the
plaintiff. Notwithstanding both sides have argued the question be-
fore us as though discretion resided in this court in such a case
as this to review the decision of the general term below, I do not
think we have any such power. In De Camp v. Thomson, 159 N. Y.
444, 54 N. E. 11, the court of appeals said, at page 449, 159 N. Y.,
and page 13, 54 N. E.:

"We think that, however it is presented, the determination of the question
whether the set-off should or should not be decreed rests in the discretion of
the court to which the application is made, and that such relief should be ad-
ministered in all cases upon such equitable terms as will promote substantial
justice, unless the absolute right is created by some statute or otherwise firmly
established. We find no such law or principle which is applicable to this case.
Therefore, as this court can review questions of law only, and may not review
the discretionary action of other courts, it follows that the question chiefly
argued cannot be reviewed by us."

The language of the court of appeals above quoted applies to
the facts of this case. That the circumstances here presented a
question of discretion is asserted even in the appellant's brief be-
fore us, and is obvious apart from that concession. I have not
overlooked the fact that all the judgments in favor of the plaintiff
had been assigned before the motion for a set-off was made, nor
the various authorities, cited in the appellant's brief, to the effect
that, where an assignment has been made, the right of set-off does
not attach to the claims so assigned. An examination of those cases,
however, will not show that in any of them the facts were similar
to those here present. In this case the attorney to whom the judg-
ments have been assigned represented his client in both actions, and
had full knowledge of all the circumstances when he took the assign-
ments. He knew that the judgment now sought to be set off was
impending, and he took an assignment of the first of the three
judgments, which included $328.50 damages, only three days before
such judgment was entered. The other two judgments in favor of
the plaintiff were subsequent to such entry, and were for costs only.
He also knew that the two suits did not involve independent mat-
ters, but one and the same matter, and that his client had no right
whatever to maintain both. Under such circumstances, it requires
no argument to show that the general term below were right in
their view that no superior equities existed in the attorney, and
that taking the assignment, as he did, with full knowledge of all
the facts, he did not thereby acquire any additional equity.

This is a case to which the language used in Littlefield v. Bank,
97 N. Y. 581, is applicable. The court there said (page 584):

"The rule is perfectly established that whoever takes the assignment of an
overdue debt or an obligation takes it subject to all the equities of the person
who makes the assignment, and the debtor has against him exactly the same
equities that he would have against the assignor; in other words, the assignee
must abide the case of the person from whom he takes."

The closeness of connection between the two claims is always an
important consideration in determining the right of set-off. In the
case just cited it was also said (page 586):

"Equity requires that when two claims are connected, although one is unliquidated, set off should be compelled when, by reason of the insolvency of either debtor, satisfaction cannot be obtained. Gay v. Gay, 10 Paige, 369; Davidson v. Alfaro, 80 N. Y. 660."

The intimacy of such connection was the controlling consideration in the case of Hoyt v. Godfrey, 3 Civ. Proc. R. 118, where, at page 120, it was said:

"If this were an application to set off the judgment in one action against the judgment in another, we should feel obliged to apply the law as laid down in Ely v. Cooke, 28 N. Y. 372, Perry v. Chester, 53 N. Y. 240, and Zogbaum v. Parker, 66 Barb. 341, and hold that where an attorney had purchased one of the judgments, and paid for it in services rendered in good faith, he should be treated like any other bona fide purchaser for value, and that he should not be deprived of his judgment because his assignor was indebted upon the other judgment to the person who applied for the set-off. This, however, is not such a case. The judgment here is in favor of the plaintiff, but certain costs were allowed to the defendant upon a motion made in the action."

And the court consequently held that the interlocutory costs, as allowed, might be set off, notwithstanding an agreement made at the beginning of the action that the attorney should have all costs recovered, and an assignment of such costs made to him in pursuance of such agreement.

The plaintiff's attorney in the present case is in no position to seek to take advantage of the fact that there were two separate actions. There never ought to have been but one, and all the judgments for costs should be treated as though recovered in one action. There was but one single matter in controversy between the parties, and the costs awarded to the defendant by the judgment in the second action should be treated as were the interlocutory costs awarded to the defendant in Hoyt v. Godfrey, supra. In that case, as in this, the plaintiff was ultimately successful upon the merits of the controversy, but in both cases certain costs were awarded to the defendant in certain phrases of the litigation concerning the single matter in controversy. As is said in 22 Am. & Eng. Enc. Law, 458: "Where different claims arise in the course of the same suit, or in relation to the same matter, they may be arranged and set off according to equity, without reference to the lien of the solicitor." My conclusion is that to reverse this order would be to give unwarranted weight to the form of the transaction, and leave out of view its substance. The judgment in the so-called separate action and the assignment of that judgment are, under the circumstances here present, entirely ineffectual to bring this case within the authority of decisions made, where there were judgments in independent actions, and where one of these judgments had been assigned to a purchaser for value and in good faith.

I think the order appealed from was right, or, at any rate, on the facts shown, was within the discretion of the court below to grant, and beyond the power of this court to reverse, and should therefore be affirmed, with costs.