David Hutchison, Respondent, v. The Third Avenue Railroad Company, Appellant, Impleaded with Hugh J. Grant, as Receiver of The Third Avenue Railroad Company.— Judgment affirmed, with costs. No opinion.

Henry Engelking, Respondent, v. The Third Avenue Railroad Company, Appellant, Impleaded with Hugh J. Grant, as Receiver of The Third Avenue Railroad Company.— Judgment affirmed, with costs. No opinion.

Samuel Shoenblum, an Infant, by Joseph Shoenblum, his Guardian ad Litem, Appellant, v. The City of New York, Respondent.— Judgment and order affirmed, with costs. No opinion.

Margaret Burke, as Administratrix, etc., of Daniel Burke, Deceased, Respondent, v. Charles M. Riedell and William G. Riedell, Appellants.— Judgment and order affirmed, with costs. No opinion.

Ann Quinn, Respondent, v. Metropolitan Street Railway Company, Appellant.— Judgment and order affirmed, with costs. No opinion.

Harry S. Cornish, Respondent, v. The Brooklyn Union Publishing Company, Appellant. — Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below. No opinion.

William Durbrow, Respondent, v. Manhattan Railway Company, Appellant. — Judgment affirmed, with costs. No opinion.

J. S. Rogers, Respondent, v. The City of New York, Appellant.— Judgment affirmed, with costs. No opinion.

The Sun Printing and Publishing Association, Respondent, v. The Abbey Effervescent Salt Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Caroline Ruffin, Appellant, v. Forty-second Street, Manhattanville and St. Nicholas Avenue Railway Company and Metropolitan Traction Company, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Isabelle M. Shattuck, Respondent, v. John W. Shattuck, Appellant.— Order modified by reducing counsel fee to seventy-five dollars and alimony to forty dollars a month, and as modified affirmed, without costs to either party. No opinion.

John F. Martin, Appellant, v. John Smith, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Continental Trust Company v. William Lowrey Barrett and Others.— Motion granted, with ten dollars costs, unless appellant shall within five days give undertaking to secure costs on appeal.

George Steinson, Plaintiff, v. The Board of Education of the City of New York, Defendant.— Motion denied, on payment of ten dollars costs, and upon payment of an additional ten dollars, leave given to apply to the court below to open default.

Henry C. Copeland v. Walston H. Brown, as Receiver.— Motion denied on payment of ten dollars costs, and on payment of an additional ten dollars, leave given to apply to the court below to open default.

Jacob M. Birnbaum v. Lewis A. May and Others.— Motion dismissed.

Marie Louisa Jaeger, Respondent, v. Margaretha Koenig, as Executrix, etc., of John H. Koenig, Deceased, Appellant.— Determination of Appellate Term affirmed, with ten dollars costs and disbursements, on opinion of Mr. Justice O'Gorman in the court below. (Reported in 33 Misc. Rep. 82.)

Artemas H. Holmes, Appellant, v. Northern Pacific Railway Company, Respondent.— Judgment affirmed, with costs, on opinion of court below. (Reported in 36 Misc. Rep. 266.)

---

## SECOND DEPARTMENT, APRIL TERM, 1902.

John Soper, Appellant, v. The City of New York, Respondent.—Judgment reversed and new trial granted, costs to abide the final award of costs.—Appeal from a judgment, entered in the office of the clerk of the county of Kings on the 26th day of August, 1901.—

PER CURIAM: If the rulings in this case had been in accordance with those made by the same learned justice in *Reisert* v. *City of New York* (69 App. Div. 302) we should, of course, affirm the judgment. It seems to us, however, that evidence was offered by the plaintiff and excluded by the court on the trial now under review which was competent and relevant upon the question of rental value under the rule as to the measure of damages adopted by the court in the *Reisert* case. The difference in the crops produced by the plaintiff's land before and after the abstraction of the water was certainly material as affecting the question whether the rental value of the property had been changed by reason of such abstraction or not. Owing to the exclusion of this evidence we shall be constrained to grant a new trial. Judgment reversed and new trial granted, costs to abide the final award of costs. All concurred.

Frederick R. Vernon and Francis J. Vernon, Respondents, v. J. W. O'Bannon Company, Appellant.— Orders affirmed, with costs.— Appeal by the defendant from an order of the Supreme Court, entered in the office of the clerk of Kings county on the 16th day of May, 1901, setting aside the verdict of a jury upon the first cause of action and granting a new trial thereof; also from an order entered in said clerk's office on the 23d day of May, 1901, dismissing the defendant's counterclaim, and also from an order entered in said clerk's office on the 23d day of May, 1901, denying the motion of the defendant to set aside the verdict in favor of the plaintiffs upon the second cause of action.—

WILLARD BARTLETT, J.: The complaint sets forth two causes of action to recover sums of money claimed to be due, (1) upon a contract to furnish the defendant corporation with steam power, and (2) the other upon a contract to furnish the defendant corporation with live steam. In the answer the defendant denied the allegations of the complaint to the effect that the plaintiffs had performed these contracts on their part, and pleaded an agreement to arbitrate, payment and the Statute of Frauds. It also set up a counterclaim alleging that the plaintiffs had violated a supplemental agreement to furnish to the defendant a regular supply of live steam at a pressure and in quantity suitable for the defendant's business. The plaintiffs claim