## BROCKWAY and McFARLAND vs. COPP.

Where, upon an appeal by a defendant from an interlocutory decision of a vice chancellor, such decision is reversed by the chancellor, with costs, and no order is obtained to remit the proceedings to the vice chancellor, the defendant may either cause the order to be enrolled, and obtain an execution for his costs on the appeal, or he may proceed as for a contempt, and apply for an attachment against the complainant for the non-payment of the costs.

October 4th.

THE defendant appealed from an interlocutory decision of a vice chancellor, refusing to modify an injunction. The chancellor reversed that decision, and modified the injunction as prayed for on the original application to the vice chancellor, and ordered the complainants to pay the costs of the appeal; no one appearing on the hearing of the appeal, in their behalf, to oppose the defendant's application. No order was made to remit the proceedings on the appeal to the vice chancellor. But the defendant procured his costs on the appeal to be taxed, and caused them to be demanded of

the complainants, according to the provision of the 171st rule, and then applied to the chancellor, ex parte, for an order to commit the complainants, according to the direction of the statute, for the non-payment of these costs.

*E. W. Leavenworth*, for the defendant.

THE CHANCELLOR. As the proceedings on this appeal were not remitted to the vice chancellor to carry into effect this order for the payment of costs, there can be no doubt that the application is properly made to the chancellor, to enforce their collection. The only doubt which suggested itself to me, in this case, was whether this was one of the cases provided for by the fourth section of the title of the revised statutes, which relates to proceedings as for contempts to enforce civil remedies, and to protect the rights of parties in civil actions, (2 R. S. 535;) or whether the defendant was not bound to procure the order of this court, on the appeal, to be enrolled, and to take out execution thereon, in the usual manner, as on a final decree. The third subdivision of the first section of that title of the revised statutes, seems to limit the power of the court to commit a party, for the non-payment of any sum of money ordered to be paid, to those cases where, by law, an execution cannot be awarded for the collection of such sum. (2 R. S. 534, § 1, sub. 3.) By the 104th section of the title which relates particularly to this court, (2 R. S. 183,) the performance of any decree, or obedience thereto, may be enforced by execution against the body, or against the goods and chattels, lands and tenements of the party, against whom the decree was made. I have no doubt that this court, on an appeal from an interlocutory decision of a vice chancellor, may make a decree respecting the costs on such appeal, which will authorize the party to enrol the same and to take out an execution against the person, or the property of the party, against whom such costs are adjudged. (See 2 R. S. 613, § 2.) Such indeed is the practice of this court in relation to costs awarded in the court for the correction of errors, on appeals from interlocutory orders of the chancellor. The decree of the appellate court,

in such cases, is a final decree, so far as respects the costs awarded on the appeal; and those costs may be collected on an execution in the usual manner.

By the former practice of this court, however, the remedy of the party might have been enforced, in all cases, by attachment or process of sequestration; although the court was authorized to enforce the performance of its decrees by a common law execution, against the property or the body of the party against whom the decree was made, as is provided for in the present statute. (1 R. L. of 1813, 487, § 4.) And by the eighth subdivision of the first section of the title before referred to, (2 R. S. 535, § 1, sub. 8.) proceedings as for a contempt may be resorted to in all cases where attachments and proceedings as for contempts have been usually adopted and practised in courts of record, to enforce the civil remedies, or to protect the rights of any party to a suit.

I conclude, therefore, that it was optional with the appellant in this case to have the decree of the chancellor, awarding costs on the appeal, enrolled, and to take out a *fieri facias*, or *capias ad satisfaciendum* thereon; or to apply for a precept to commit the complainants to prison until those costs were paid, and without incurring the useless expense of an enrolment.

An order must therefore be entered, authorizing the issuing of such a precept, for the amount of the costs as taxed by the vice chancellor, and for the expenses of this application.