## PITT *a.* DAVISON.

*Supreme Court, First District; Special Term, September,* 1861.

JUDGMENT.—AMENDMENT AS TO RELIEF.—COMMITMENT FOR CONTEMPT.

If, pending an action for a specific performance of a contract relative to the conveyance of land, a mortgage on the premises in controversy, executed before the commencement of the suit, be foreclosed, and the premises sold under the judgment of foreclosure, the judgment in the action for specific performance should recite such fact, and in place of decreeing a specific performance should decree a compensation in damages. A judgment for damages in such case could not be enforced by a proceeding for a contempt. It would be a final decree for the payment of money, which the plaintiff might enforce by execution.

The court has power to amend a decree which did not contain such a recital, on a direct and proper application for that purpose. If such an amendment would involve an inquiry into facts *dehors* the record, the inquiry may be made by an order of reference or otherwise. *It seems* that there is no objection to the defendant's including in the motion to amend the decree, a further notice of motion to vacate or amend the proceedings subsequent thereto, and to be discharged from arrest. Such error, however, cannot be corrected or disregarded on a collateral motion,—*e. g.*, a motion to discharge from a commitment for contempt.

An attachment to commit a party for contempt is not necessarily a nullity, because the order to show cause was not personally served on the defendant, and· he had no notice of it prior to the adjudication on the question of contempt.

The provision of 3 Rev. Stat., 5 ed., 50, §§ 3, 5, intends that the order should be personally served on the accused party, but the court may, on special grounds, dispense with such personal service.

Motion to discharge from imprisonment.

This was a motion made to discharge the defendant, Erastus Davison, who was in confinement in jail, on a final commitment issued on a final decree in a suit in equity, wherein this court ordered a certain lot, and house thereon, situated in the city of New York, to be conveyed by the defendant to the plaintiffs.

The defendant in question, about three years after the order for commitment was made, was arrested for refusing to comply with the order committing him. He alleged as a reason for his inability, that the property in question, before the decree was made, had been sold by virtue of a foreclosure of a mortgage on the premises at the time the said suit was commenced.

He now moved for a discharge of his imprisonment on two grounds:

1. He had no notice of the proceedings adjudging him guilty of contempt for refusing to comply with the decree.

2. The sale of the property and parting with its title before decree made.

*J. V. Loomis,* for the motion.

*D. McMahon and Nelson Chase,* for the plaintiffs, opposed.

SUTHERLAND, J.—I do not think it would be regular or proper for me to permit the final decree in this action to be attacked collaterally on this motion; but it is very plain, from the papers submitted on the motion, that the decree was and is erroneous in form and substance, and I think I must infer, from facts conceded on the motion, that the imprisonment of the defendant, Erastus Davison, was and is a consequence of such error.

Assuming that the plaintiffs had, when the action was commenced, a proper case for a decree of specific performance, yet, by the subsequent foreclosure sale and conveyance, under the mortgage, which Erastus Davison had executed prior to the commencement of the action, it had become, when the decree was made, impossible for him to convey to the plaintiffs. The decree should have recited the reason and fact of such impossi-

bility, and in place of decreeing a specific performance, should have decreed compensation in damages. (Moss *a.* Elmendorf, 11 *Paige*, 277; Woodward *a.* Harris, 2 *Barb.*, 439.)

Had the decree been for compensation in damages, instead of a decree for a specific performance, I do not think it could have been enforced by a proceeding as for a contempt. It would then have been a final decree for the payment of money, and the plaintiffs might have enforced it by execution. (3 *Rev. Stat.*, 5 ed., 849, § 1, subd. 3; *Ib.*, 269, § 66; Rockway *a.* Copp, 2 *Paige*, 578.) I cannot doubt the power and duty of the court to amend the decree on a direct and proper application for that purpose, in the respect spoken of. It is true, such amendment would involve an inquiry into facts *dehors* the record; but such inquiry could be made by an order of reference or otherwise. There might be doubt whether a court of errors or of appeals could make the amendment; but I cannot doubt the power of the same court which made the decree to make or allow such amendment as the facts might warrant. (Cooper *a.* Bissell, 15 *Johns.*, 318.)

It is strange, indeed, that the court, in ignorance of the facts, should ever have been permitted to decree an impossibility. Having done so, it would be quite as strange if the defendant must remain in prison during the remainder of his life, for not performing an impossibility. If any error was committed in making the decree, it cannot be said to be an error of the court, in point of law, but an error arising from the omission of a fact.

From the papers before me, it does not appear that the fact of the reason of the impossibility of the defendant to convey any interest or title to the premises was brought to the notice of the court when the decree was made, by the report of the referee or otherwise. It appears to me, that upon the decree being amended, in accordance with the supposed facts, the subsequent proceeding as for a contempt, to enforce the decree as it now is, must fall.

I do not intend to prejudge the question of amendment on this motion, for, as I have said, I do not think it proper or regular to permit the decree to be attacked collaterally on this motion; and, besides, on a direct motion to amend, other and further facts may appear; but in denying the defendant's motion to be discharged from imprisonment, I think it proper to

distinctly say, that for the reasons above stated the motion is denied, without prejudice to his right to move to have the decree amended, and all subsequent orders and proceedings vacated or amended as he shall be advised, and with leave to renew this motion to be discharged from imprisonment, upon, or subsequent to, such amendment being allowed, or upon the order or precept by which he was committed to prison being vacated. I see no objection to the defendant's including the motions to amend the decree, to vacate or amend the subsequent proceedings, and to be discharged from imprisonment, in one notice of motion, or order to show cause.

I am not satisfied that the order or precept by which the defendant was committed to prison can be treated as a nullity, even assuming that the order to show cause was not personally served on the defendant, and that he in fact had no notice of it prior to the adjudication on the question of contempt. The statute (3 *Rev. Stat.*, 5 ed., 850, 851, §§ 3 and 5) no doubt intends that the order to show cause, &c., should, as a general rule, be served personally on the accused party; but as at present advised, I am not prepared to hold that the court may not, on special grounds, dispense with such personal service. (2 *Barb. Ch.*, 278; Albany City Bank *a*. Schermerhorn, 9 *Paige*, 374.)

The motion must be denied, without costs, and without prejudice, and with leave to renew, as above stated.