Parker, J.
This is an appeal from an order of the general term of the Supreme Court, reversing an order of the special term, which denied defendant’s motion to set aside a previous special term order adjudging the defendant guilty of a contempt of court, and committing him therefor.
The action was for the specific performance of a contract by which Joseph Davison agreed to convey certain premises to the plaintiffs. Judgment was rendered adjudging the plaintiffs entitled to a specific performance of the contract, and directing this defendant, to whom Joseph Davison had, fraudulently, as against the plaintiff, conveyed the premises, to convey them to the plaintiffs, free from any incumbrance which he had put upon them. A certified copy of the judgment was served upon the defendant personally, and he was duly required to appear before the referee named in the judgment, at a specified time and place, and make the conveyance, under his direction.
The defendant did not appear before the referee, but, at the time and place specified, his counsel appeared, and offered to *400 read an affidavit of the defendant, in excuse of his non-compliance with that part of the judgment which required him to convey, showing that subsequently to the contract of sale to the plaintiffs, but prior to the commencement of this suit, he mortgaged the premises for $5,000, which mortgage, prior to the said judgment, was foreclosed and the premises sold, for which reason the defendant was unable to convey the premises to the plaintiffs.
The referee refused to receive the affidavit as an excuse, and demanded a compliance with the judgment, which was refused. He then made his report to the court, showing the non-compliance of the defendant with the requirement of the judgment, and the reasons therefor set forth in said affidavit. Afterwards the plaintiffs obtained from a justice of the court, at chambers, an order requiring the defendant to show cause at a special term “ why an attachment should not be issued against him, and he be punished for his alleged contempt or misconduct in not having conveyed,” &c. This order was founded upon the judgment entered in the action, the summons and underwriting of the referee requiring the defendant to appear before him and convey, the affidavit of service thereof with a certified copy of the judgment, and the report of the referee ; and it contained a direction that it he served on the defendants attorney. It was so served, hut no service was made on the defendant personally.
At a special term, at which the order was returnable, upon reading the judgment roll in the action, together with the papers on which the order to show cause was granted, and the order to show cause, with the admission of service of the same upon the defendant’s attorney, and after hearing counsel for the respective parties, the court adjudged the defendant * guilty of a contempt of court in wilfully neglecting and refusing to comply with the terms and provisions of the judgment, and ordered that he be committed to the Common jail of the city and county of New York, and there be closely confined and kept until he should comply with the requirements of the judgment.
The defendant was subsequently arrested upon a precept issued pursuant to the order, and committed to jail.
*401 He then made a motion to set aside the order under which he was committed, and to be discharged from imprisonment, which motion was founded upon the papers on which that order was based, together with affidavits showing that he had no personal knowledge of the order to show cause above mentioned, until after the granting of the order directing his imprisonment. In opposition to the motion, affidavits were read on the part of the plaintiff showing that after the referee had reported, and even nine months before the granting of the order to show cause, an order had been made, without any direction as to its service, and after diligent search, the plaintiffs were unable to make personal service thereof; also controverting the fact stated in defendant’s affidavit of his want of knowledge of the last order to show cause. This motion was denied at the special term.* The general term on appeal reversed the order denying the motion and discharged the defendant from imprisonment.+ It is from the order of the general term thus made that this appeal is taken.
Was there any such irregularity or defect in the granting of the order under which. the defendant was arrested and imprisoned as to require that it be set aside ? By the first section of title thirteen, chapter eight, part three, of the Bevised Statutes, entitled, “ Of proceedings as for contempt to enforce civil remedies and to protect the rights of parties in civil actions ” (2 Rev. Stat., 1 ed., 534), provision is made that every court of record shall have power to punish by fine and imprisonment, or either, parties to suits and others for any disobedience to any lawful order, decree, or process of such court, whereby the rights or remedies of a party in a cause or matter depending in such court may be defeated, impaired, impeded or prejudiced. And by section 285 of the Code it is provided that when a judgment requires the performance of any other act than the payment of money, a certified copy of the judgment may be served upon the party againso whom it is givem *402 or the person or officer who is required thereby, or by law, to obey the same, and his obedience thereto enforced. If he refuse, he may be punished by the court as for a contempt. It is plain, then, that the defendant, upon refusing to obey the judgment, was guilty of misconduct, which made him liable to be proceeded against as for a contempt.
Two methods of proceeding against a party for such misconduct are provided for by section 5 of the statute in relation to contempts, above referred to, which are as follows:—The court shall either grant an order on the accused party to show cause, at some reasonable time therein specified, why he should not be punished for the alleged misconduct, or shall issue an attachment to arrest ^uch party and to bring him be-for such court to answer for such misconduct.
H the proceeding by attachment is adopted, the accused is to be arrested and brougks personally before the court, unless he gives a bond with sureties to appear on the return of the attachment, and abide the order and judgment of the court thereupon (§ 12), and when he is brought into court upon the attachment, the court must cause interrogatories to be filed, specifying the facts and circumstances alleged against him, and requiring his answer thereto. (§ 19). Under this mode of proceeding, no order for punishment for the misconduct by fine or imprisonment can be made unless the party accused shall have been brought personally into court upon the attachment, or shall have voluntarily appeared therein; but in default of his being so brought in or so appearing, the court either awards another attachment or orders the bond taken on his arrest, prosecuted.
If the other mode proceeding is adopted, there is no specific direction in the statutes in regard to the manner in which the order to show cause shall be served, or as to the cause of proceeding Piter service, except that section 3 provides that when the'misconduct is not committed in the immediate view or presence of the court, the court shall be satisfied by due proof, by affidavit, of the facts charged, and shall cause a copy of such affidavits to be served on the party accused, a reasonable time to enable him to make his defence.
The mode of proceeding pdopted in the case at bar was by *403 serving upon the defendant’s attorney the order to show cause, with the affidavits upon which it was granted.
The learned judge who gave the opinion of the general term in the court below, held that personal service in such cases is indispensable; basing his opinion on the well-settled principle of the common law, that no person shall be condemned unheard. If we keep in mind the distinction between proceeding to punish criminal contempts and proceedings as for contempts to enforce civil remedies, we shall see the reason why personal notification of the accusation is, under the principle invoked by the learned judge, indispensable in the one case while it may not be in the other. Where the proceeding is to enforce a civil remedy, the party in default has already had the opportunity of contesting his liability to perform what the proceeding seeks to compel him to perform, and such proceeding is in effect but an execution of the judgment or order against him. There is, in the return of the proceedings as carried out in this case, no more reason for determining it as an infraction of the principle that no person shall be condemned unheard, than in every case where an execution may issue upon a judgment, against the person of the defendant. Judgment in an action for tort, for example, is obtained against a defendant, whereby he is condemned to pay the plaintiff a specific sum of money. In order to compel him to pay the money, he is liable to arrest and imprisonment, and this without any opportunity to show cause against it. It is the consequence of his non-payment of the money, which, after personal notice and the opportunity to contest the claim he has been adjudged to pay; he therefore is not condemned unheard. The execution against his person is in pursuance of the judgment which has been rendered against him by the. court, after personal notice of the claim, and fall opportunity to be heard against it. In reference to the right to be heard, the defendant in the case at bar occupies a similar position. His obligation specifically to perform the contract in question in the action has been established by the judgment, in regard to which he has been heard; and this proceeding is merely to enforce his fulfilment of that obligation. He can no more impugn the proceeding upon the ground of its contravention of *404 the great principle alluded to than if he were defendant in an execution against his person in an action of tort.
As has already been observed, the statute under which this proceeding was instituted does not specify in what way the order to show cause, with the affidavits on which it was founded, shall be served upon the party accused. When the proceeding is instituted by one party to an action against another, to enforce the performance of an order or decree, it is to be deemed, I think, a proceeding in the action, and all the papers are entitled in the action. (Stafford v. Brown, 4 Paige, 360; Brown v. Andrews, 1 Barb. 227.) Hence it was, doubtless, that the Chancellor, in Albany City Bank v. Schemerhorn (9 Paige, 372), said, “ Where the party proceed by an order to show cause, copies of the order and of the affidavits, and other papers on which it is founded, must be served on the accused or his solicitor,” &c. In Watson v. Fitzsimmons (5 Duer, 629), the plaintiff obtained an order to show cause why the defendant should not be punished for his misconduct in refusing to deliver his property to a receiver upon the return of the order. The defendant appeared and denied the alleged contempt, and the court made a further order referring it to a referee to take testimony and report whether the defendant was guilty of a contempt. The referee reported the defendant guilty, and upon his report, and all the prior proceedings, the plaintiff moved the court for an order adjudging the defendant guilty of the contempt. On the part of the defendant it was insisted that the court had no power to make the order of reference. The court, however, said: “ This proceeding is one had in the action in which the judgment was recovered; and section 271( subdivision 3 of the Code, authorizes a reference in such a case; ” and after adverting to the two modes of procedure, by order to show cause and by attachment, the court said, “ the statute is silent, where the first mode named is adopted, as to the course to be thereafter pursued, whether the defendant appears or fails to appear. It may therefore be such as conforms to the general practice of the court, upon any order to show cause, why relief should not be granted. The proceeding- was held regular, and the decision was affirmed by *405 the general term, and as appears by a statement in 10 Bosw., 697, was subsequently affirmed by this court.
In the case at bar, it is correct, I think, to say that the proceeding was one taken in the.action. The judgment remained unexecuted, and the court was proceeding in the mode prescribed by the statute to execute its judgment. The order to show cause, provided for by the statute, in the absence of any statutory provision to the contrary, was, then, governed by the practice of the court in regard to orders to show cause, both in respect to its service and to the further proceedings upon it. That according to such practice an order to show cause may be served upon the attorney of the defendant, will not be denied. Indeed that is the mode of service of all papers in the action prescribed by the Code, except the summons or other process, or any paper to bring a party into contempt (Code, §§ 417,418). The papers in this case which brought the party into contempt, were the certified copy of the judgment and the summons and underwriting of the referee, requiring the defendant to appear before him and make the conveyance. These were personally served, and the defendant by his refusal to comply with them was brought into contempt.
The learned judge, who gave the opinion in the court below, has referred in support of his position that personal service of the order is indispensable, to the provision of the statute on the subject of criminal contempts (2 Rev. Stat., 1 ed., 278, § 12), requiring personal service, as follows: “ Contempts committed in the immediate view and presence of the court, may be punished summarily; in other cases, the party charged shall be notified of the accusation, and have a reasonable time to make his defense.” But the succeeding 14th section is as follows: “ Nothing contained in the preceding sections shall be construed to extend to any proceeding against parties or officers, as for a contempt, for the purpose of enforcing any civil right or remedy."
The order to show cause is in effect but a notice of motion, and according to the practice of the court may ordinarily be served upon the attorney of the adverse party. Although in this case the judgment was entered in May. 1856, and the order to show cause was made and served on the defendant’s *406 attorney on December 9th, 1357, yet, inasmuch as it appears that the defendant had been avoiding the service of a prior order to show cause, and that, after service of the second order, by the direction of the court, upon the attorney, and before the granting of the order on which the defendant was arrested and imprisoned, he consulted with his said attorney, and has not denied that the attorney was authorized to appear for him and oppose the granting of the order for his arrest and imprisonment, and as he did appear, it must be clear that the attorney is to be regarded as the defendant’s attorney when the service was made, and that the service of the order to show cause was, in all respects, sufficient. (Drury v. Russell, 27 How. Pr., 130).
Another ground stated in the opinion of the court below for the reversal of the order of the special term was that, in the order to show cause, the defendant was required to show cause “why an attachment should not be issued against him, and he be punished for his alleged contempt and misconduct in not having conveyed,” &o.; while the statute does not authorize an order to show cause why an attachment should not issue, but only why the party should not be punished for the alleged misconduct. If the order required of the defendant more than the statute alloAved, that would not make it void as to the requirements which the statute does allow, and the suggestion that it might have misled the defendant to suppose that only an attachment would be applied for, and that he would have an opportunity when brought, into court upon the attachment to answer the accusation made against him upon interrogatories, is one which I think insufficient to justify a reversal of the order of the special term, since there is no pretence by the defendant that he was so misled.
As another ground for its order of reversal, the general term is inclined to the opinion that even in this case it was necessary to file interrogatories, and ti.ab the order of commitment was not warranted until the defendant had been given the opportunity, upon interrogatories, to purge his contempt. The statutes cited, with what has already been said in regard to them, show, I think, that when the proceeding is by an order to show cause, no interrogatories are necessary, and such was *407 the opinion of this court in Bush v. Lee. (MS. opinion. Case decided June Term, 1867.)
A further ground for the decision of the general term, put forth in the opinion, is, that inasmuch as the defendant was never personally before the court in this matter, the court had no jurisdiction of his person, and therefore the order for his arrest and imprisonment was unauthorized and void. If the proceeding is to be regarded as one in the action, as I have endeavored to show it is, then, clearly, this ground is not well taken. The court having obtained jurisdiction of the person of the defendant in the action, retains that jurisdiction for all purposes of enforcing the judgment, until its requirements are fully performed and executed. It is obvious, also, that the excuse suggested for non performance of the requirements of the judgment could not be regarded by the court as an excuse, for that would be permitting the party to set up, as such excuse, matter which the defendant should have set up against the rendering of the judgment. After judgment has passed against him, no matters which would have constituted a defence to the judgment, and which, if in due time and manner, brought before .the court would have prevented it, can be allowed as reason why it should not be enforced.
I am of the opinion that the order of the general term reversing the order of the special term is erroneous and should be reversed.
All the judges concurred.
Order reversed.

 The decision at special term, denying the motion to discharge defendant, is reported, 12 Abb. Pr., 385.

 The decision at general term reversing that made at special term is re. norted, 37 Barb. 97.