STRATFORD P. DAVIDSON et al., Respondents, *v.* IGNACIO F. ALFARO et al., Appellants.

The question as to whether this court has jurisdiction on appeal from a judgment, or from an order granting or refusing a new trial, is to be determined by the amount in controversy in the General Term.

Cross demands, though unliquidated by judgment, and although not within the statute of set-off, will in equity be set-off against each other, if, from the situation of the parties, justice cannot otherwise be done. Insolvency of one of the parties is a sufficient ground for the allowance.

As to how far the right of lien of an attorney for costs will stand in the way of a set-off of a judgment, sought in an equitable action, *quære*.

(Argued March 11, 1880; decided April 6, 1880.)

THESE were cross-appeals from a judgment of General Term, affirming a judgment of Special Term. (Reported below, 16 Hun, 393.)

This action was an equitable one to compel the set-off of a judgment obtained in favor of the defendants against the plaintiffs, against a claim in favor of the plaintiffs against the defendants.

The trial court found, substantially, the following facts:

On or about the 20th day of November, 1872, the plaintiffs commenced an action in this court against the defendant, Alfaro, to recover the sum of $550$\frac{20}{100}$, with interest from November 11, 1872, being the amount of certain

alleged over-drafts upon the plaintiffs by the said defendant, in excess of the compensation to which he was entitled for his services under an agreement in writing made between them, under which the defendant was employed to obtain orders for gold. Alfaro appeared in said action by the other defendants who composed the firm of Coudert Brothers, his attorneys.

The trial of said action was commenced before the said referee on the 8th day of January, 1875, and was pending at the time of the commencement of this action. In August, 1876, the said referee made his report in favor of the plaintiffs, for $495.72, amount due, and $141.09 interest thereon, amounting together to $636.81, and judgment was thereupon entered in favor of the plaintiffs against Alfaro, on August 26, 1876, for $636.81 damages and $427.67 costs.

Alfaro was at the time of the commencement against him of the said action, and is, utterly insolvent.

On or about the 15th day of February, 1873, the defendant Alfaro commenced an action in the Superior Court of the city of New York against the plaintiffs herein, for the recovery of damages for an alleged breach of the said contract of employment, wherein a verdict was obtained for the sum of $500 damages in favor of Alfaro, against the plaintiffs, on January 28, 1875 ; on such verdict judgment was rendered on the 12th day of June, 1875, for the sum of $813.53 for the said damages and for the costs. All legal proceedings in each of the said actions were conducted on behalf of Alfaro by Coudert Brothers, as his attorneys and counsel ; who, since the commencement of the action first above mentioned, have been well acquainted with all the circumstances, and with the insolvent condition of Alfaro. After the recovery of the verdict, by Alfaro, and on the first day of February, 1875, he executed an assignment to Coudert Brothers, of the verdict and the judgment to be entered thereon, in payment of indebtedness for professional services in these suits and in other matters, which assignment was accepted with knowledge of the insolvency of Alfaro, but in good faith.

As conclusion of law, the trial court held that plaintiffs were entitled to an equitable set-off of their claim, but only against so much of the judgment against them as was for the amount of the verdict, to wit : $500.

The court here say : "This court has not jurisdiction to hear the plaintiffs' appeal from the judgment of the General Term. That judgment was in favor of the plaintiffs for $500. Such was the judgment of the Special Term. The plaintiffs claimed that it should have been for more than that ; but not more than that by the sum of $500. So that the contest raised in the General Term by their appeal was for less than $500. The amount contested in the General Term will determine whether this court has jurisdiction : (*Brown* v. *Sigourney*, 72 N. Y., 122; *King* v. *Galvin*, 62 id., 238.) Hence the appeal of the plaintiffs must be dismissed.

"Then as to the merits of the appeal by defendants. It appears that the cause of action of the plaintiffs against Alfaro, and that of Alfaro against the plaintiffs, both arose out of the same transaction, viz. : the agreement by which he was to procure business for them, and was to receive a compensation therein agreed upon. It is true that the recovery against Alfaro was for sums paid him beyond the amount he had earned under that agreement ; but those sums were paid to him because of the agreement and in anticipation of what he was expected to earn under it ; while his judgment against them was for a breach of that agreement and the resulting damage to him. The claim of Alfaro for which he recovered verdict and judgment might have been set up as a counter-claim in the action of the plaintiffs against him ; though he was not obliged to do so. The amount of the damages sustained by either the plaintiffs or Alfaro was not liquidated until the rendition of the judgment in the one case and the verdict in the other. But this is a suit in equity to declare a set-off in favor of the plaintiffs upon equitable principles. And it is a rule in equity, on bill filed therefore, that cross-demands, though unliquidated by judgment, will be set-off against each other, if from the situation of the parties justice cannot otherwise be done: (*Gay* v. *Gay*, 10 Pai.,

369; *Knapp* v. *Burnham*, 11 id., 333) ; and the insolvency of one of the parties is a sufficient ground for the allowance of a set-off in equity, even if not within the statute of set-offs : (*Smith* v. *Felton*, 43 N. Y., 419.)    Alfaro is insolvent, and it was right to adjudge a set-off, unless superior rights or equities of other persons had intervened.    The Messrs. Coudert Brothers claim that they have such.    Their claim is based upon an assignment made by Alfaro to them of his verdict against the plaintiffs, to secure a prior indebtedness existing in promissory notes from him to them ; and for their professional services in the action in which the verdict was given, and in the action of the plaintiffs against Alfaro.    This assignment was, of course, taken subject to all equities existing between Alfaro and the plaintiffs ; (43 N. Y., *supra*); the assignees knew all the facts of the case, and had no prior agreement with Alfaro to the effect sought by the assignment.    As assignees then they had no right at law, nor any equity superior to that of the plaintiffs.    But they were attorneys in the action for Alfaro ; and as attorneys they have been allowed in the courts below a lien for costs.    It does not seem as clear from the decisions as it ought to be how far this right of lien will stand in the way of a set-off sought in an equitable action.    But we need not enter into that matter at this time.    The courts below made no error to the harm of Messrs. Coudert Brothers, and the judgment, so far as their appeal is concerned, should be affirmed."

*Edward Patterson* for appellants.

*S. F. Cowdrey* for respondents.

*Per Curiam* opinion for affirmance as to defendants' appeal, and for dismissal of plaintiffs' appeal.
    All concur.
    Judgment accordingly.