Hawes, J.
It seems quite difficult to determine the present rule of law governing this case. Whether a judgment for costs, or so much of it as may embrace costs, is subject to set-off in ease of the insolvency of the party would seem to be questionable, and still more so in a case like the present, where the attorney claims to hold an assignment of the entire claim prior to the recovery. Upon the *36 first question the court of common pleas, at general term, in Saunders agt. Gillette (8 Daly, 184), expressly holds that the lien of the attorney is subject to the equitable right of set-off between the parties. It has been since held, however, by the same court that the costs belong to the attorney, and his right to them cannot be taken away by a set-off (See Hilton agt. Sinsheimer, Allen, J., Daily Register, March 27, 1885). The superior court, at general term (Naylor agt. Lane, 5 Civil Pro. Rep., 150), declares the lien of the attorney to be an equitable assignment of the judgment to him, and not subject to set-off, and that no notice to the other side is necessary to protect his rights. The supreme court in this department would seem to hold a contrary doctrine in the case of Garner agt. Gladwin (12 Weekly Digest, 10), where it was held that the right to set-off depended upon whether there was or was not an assignment in fact from the party to his attorney. This would clearly seem to negative the proposition that they were not inherently subject to set-off by reason of being costs which the attorney could claim as a matter of legal right.
The court of appeals, in Davidson agt. Alfaro (80 N. Y., 660), declined to pass upon the question, stating that “ it does not seem as clear from the decisions as it ought to be how far this right of lien will stand in the way of a set-off sought in an equitable action but as the court below recognized this lien, so far as taxable costs are concerned, as not subject to the right of set-off, it is fairly inferable from the context that the court assented to the doctrine there enunciated. The case of Perry agt. Chester (53 N. Y., 241); Zogbaum agt. Parker (55 N. Y., 120), clearly support this view, and I think it must he held that the taxable costs are not subject to set-off. This, of course, does not exist by reason of any legal right, for in law this lien would be disregarded in an action to compel set-off (2 Robt., 670), but is discretionary, as is suggested in Perry agt. Chester (supra), and the courts equitably interfere to protect the attorney’s *37 interests; but these interests are protected not because the costs belong to the attorney, as is frequently suggested, but because the courts will in equity preserve to the plaintiff or defendant, as the case may be, so much of the judgment as the lien attaches to. It is true that this is for the protection and benefit of the attorney who, as an officer of the court, claims special consideration, but it is purely incidental, and does not arise by reason of any ownership by him of the costs. He doubtless has a lien for his services in this particular case, as a mechanic would upon the product of his labor and equity intervenes to save it for him, but this lien would ordinarily be measured by his taxable costs, although 1 am inclined to think that it might embrace a further fee, and would not always be limited to such costs if a special contract had been made in good faith between the client and his attorney, but it must, I think, refer to his services in this particular action, and the reason of such distinction would seem to be based upon the analogous principle above referred to. It seems clear, therefore, that the taxable costs of the plaintiff in this action will not be subject to set-off, and to that extent at least the motion will be denied.
It is further claimed, however, by the plaintiff that prior to the recovery of the judgment the plaintiff assigned to his attorney herein all his interests in the cause of action, in payment for services in the suit of Parks agt. Turno, and also for money loaned, and that as the attorney held this assignment prior to the recovery of judgment no right of set-off exists, as the judgment and all its incidents belonged to the attorney, of which due notice was given the defendants herein. There seems to be no question as to the bonafides of this assignment, the consideration was ample and the claim was admittedly assignable. The legal title was in the attorney, and I do not see how it can be defeated, unless exceptional equities exist between the parties. If these existed at the time of the transfer it is clear that they must prevail now, as the assignee held no higher rights than his assignor.
*38 Under the ruling in Davidson agt. Alfaro (supra), it must be held that if both actions grow out of the same contract, and the party is insolvent, his assignee, with knowledge of these facts, takes subject to an existing equity, and a set-off under such circumstances will be allowed as against the party holding the legal title. The rule applicable to such a state of facts does not prevail in the case at bar, for although not disconnected, they cannot be said to grow out of the same contract under the restrictions which govern that class of cases.
The equity of the attorney is superior to that of the plaintiff, and the case falls within Perry agt. Chester (supra), Zogbaum agt. Parker (swpra), and Proutry agt. Swift (10 Hun, 232).
Motion denied, with costs.