WILLIAM W. WESTON *et al.*, Respondents, *v.* PAMELIA W. TURNER *et al.*, Appellants.

*Supreme Court, Fifth Department, General Term, March,* 1887.

1. *Equitable set-off. Pleading.*—Averments in complaint, in action to compel equitable set-off, by way of description of the claim sought to be set-off and its origin and character, are necessary for the purpose of showing that it is the subject of equitable set-off pertinent to one cause of action. A demurrer, on ground of improper joinder of causes of action, is not well taken.

2. *Same.*—The fact that the assignor is insolvent, that the demand will be lost unless it is allowed in reduction, and that it was due when the assignment was made, is sufficient to entitle to equitable set-off.

See note at end of case.

3. *Former adjudication. When not bar.*—A judgment in action to adjust partnership accounts, is no bar to an action brought to enforce an individual claim.

Appeal from an interlocutory judgment entered upon an order of the Erie special term overruling a demurrer to the complaint.

*Roswell K. Moss*, for appellants.

*J. H. Waring*, for respondents.

SMITH, P. J.—This is an action in equity to obtain a judgment directing that a claim held by the plaintiffs

against Alexander S. Turner, the appellant's co-defendant, be set off against a judgment obtained by said Alexander against the plaintiffs herein and by him assigned to the appellant.

The complaint alleges, in substance, that in 1863, a contract of partnership was made between the plaintiffs on the one hand, and the defendant, Alexander S. Turner, and one Ross, on the other, by which the plaintiffs agreed to cut, manufacture into lumber and shingles, and sell certain timber owned by the parties in common, and after deducting the expenses of the business, pay one-half of the net proceeds to Turner and Ross, and retain to themselves the other half; the plaintiffs also agreed to advance money of their own, from time to time, to and for the benefit of Turner and Ross, which, with interest, was to be repaid to them, either by Turner and Ross directly, or retained by the plaintiffs out of the share of Turner and Ross, in the net proceeds of the business; and that such arrangement was in course of performance until 1869, when Ross sold his interest to Turner. That when Turner made that purchase the original arrangement was continued between him and the plaintiffs, Turner succeeding to the one-half interest of himself and Ross, and it was also agreed between them that Turner might, from time to time, order lots of the lumber, or shingles, or both, for himself and others, and that the plaintiffs should ship the lots so ordered, and charge themselves in the joint account with the value of such shipments, and that Turner should pay the value of shipments, either by direct remittance, or out of his shares of the net proceeds of the business; that pursuant to said contracts, the plaintiffs proceeded with said business, and cut, manufactured and sold lumber and shingles in large quantities, and lent and advanced to Turner money of their own, and shipped to him and others, on his order, large quantities of lumber and shingles, down to 1878; and that for all the moneys so lent and advanced, and lumber so shipped, down to 1874, he

paid them in money, or out of his share of the proceeds. That they rendered accounts to said Turner of the lumber and shingles so shipped by them from January, 1874, to January, 1878, in which he acquiesced, and that there was due to them from him on that account, on the first day of January, 1878, the sum of $18,899.42, including interest which is still due.

The complaint further alleges that in April, 1878, Turner commenced an action against the plaintiffs herein, to wind up said partnership business, to compel his copartners, the plaintiffs herein, to account, and to establish and recover the amount due him by reason of the partnership transactions; that the plaintiffs, in their answer therein, denied the charges against them in the complaint, and alleged claims on their part against Turner, in and about the partnership business and property, claiming that on a fair accounting a balance would be found due them in the partnership transactions, but did not set up, or refer to, their claim against Turner before set forth in the complaint therein; that said action was tried by a referee who reported in favor of Turner against the plaintiffs therein, for over $60,000 and costs, and judgment was entered accordingly; that said referee declined to pass upon or consider said claim in favor of the plaintiffs herein against Turner, because it was not set forth in the answer, nor embraced in the issue, and was not a proper item or matter to be included in the accounting in that action, and as between the parties thereto as partners. The complaint further alleges that Turner assigned said judgment to the appellant, his wife; that she took such assignment after the plaintiff's said claim against Turner became due, and subject to and charged with the same; that Turner is insolvent, and the demand will be lost unless it is applied in reduction of said judgment.

The appellant demurred to the complaint on the grounds, that several causes of action are improperly united; that it appears on the face of the complaint that there is another

action pending between the same parties for the same cause; and that the complaint does not state facts sufficient to constitute a cause of action.

We think the demurrer is not well taken. As we read the complaint, it states but one cause of action, to wit, the facts upon which the plaintiffs claim to be entitled to the set-off which they ask for. All that is alleged respecting the demand against Alexander Turner, is by way of description of the claim which they seek to set-off and of the facts attending its origin and character. These averments are necessary, for the purpose of showing the validity of the claim, and whether it is of such a nature as that it is not barred by the judgment, and is the subject of equitable set-off. All this is pertinent to the one cause of action above stated. As the appellant is the sole owner of the judgment, she is the only party against whom relief is sought. Whether her husband is a proper party, is a question not raised by the demurrer, but if it were before us, we would say that the propriety of making him a party results from the facts that he was the assignor of the judgment; that the right of set-off, if it exists, accrued while the judgment was in his hands, and his assignment was necessarily made subject to that right, and that the claim asked to be set-off exists against him individually, and is sought to be liquidated in this action for the purpose of the set-off.

It does not appear that there is another action pending for the same cause, certainly not between the same parties, to wit, the plaintiffs and the appellant. But the counsel on both sides have argued the question whether or not the judgment set out in the complaint is a part of the claim sought to be set-off, and we, therefore, consider it.

The action in which the judgment was rendered was brought to settle and adjust the partnership affairs. The claim which the plaintiff seeks to set-off in this action was not embraced in the partnership accounts. It belonged to

the plaintiffs individually, and not to the partnership. It was for lumber, etc., furnished by the plaintiffs to Turner. True, the lumber, was originally partnership property, but by the terms of the agreement made with Turner after he bought out Ross, as alleged in the complaint, the plaintiffs were to charge themselves in the partnership accounts with the lumber so furnished, and on their doing so, the lumber was withdrawn from the partnership property and became their own. In other words they bought it of the firm, paid the firm for it, and sold it to Turner. Their claim for it did not, and could not enter into the partnership accounts, and consequently the judgment is not a bar. Whether or not it might have been interposed as an equitable counterclaim in that action, we need not inquire. It was not incumbent on the plaintiffs to do so, and it does not appear to have been done.

The right to set-off the claim against the judgment, in an action brought for that purpose, is clear upon the facts stated in the complaint. The demurrer admits that Turner is insolvent, and the demand will be lost unless it is allowed in reduction of the judgment, and when the appellant took the assignment of the judgment, the demand was due. The cases are numerous in which an equitable set-off has been allowed in like circumstances. Among them are the cases cited by the respondent's counsel, viz.: Gay *v*. Gay (10 Paige, 369); Alusie *v*. Boyton (2 Barb. 258); Davidson *v*. Alfaro (80 N. Y. 600); and Littlefield *v*. Albany County Bank (67 N. Y. 581).

The judgment should be affirmed, with costs, with leave to the appellant to withdraw the demurrer and answer in twenty days on payment of the costs of the demurrer and of this appeal,

HAIGHT, J., concurs; BARKER, J., not voting; BRADLEY, J., not sitting.

### NOTE ON " EQUITABLE SET-OFF."

The power to compel a set-off of debt was exercised by equity, prior to, and independent of, any statute on the subject. Jordan v. Nat. S. & L. Bank, 74 N. Y. 467. But equity follows the statute and the law, unless there are peculiar circumstances presented. Id. ; Bathgate v. Haskin, 59 N. Y. 537. Insolvency of a party sometimes moves equity to grant a set-off, which would not be allowed at law. Id.

While as a general principle, courts of equity follow the rules of law in enforcing set-offs, they exercise an original jurisdiction over the subject, and in cases of peculiar equity, and under special circumstances, will enforce a set-off in cases not within the letter of the statute. Bathgate v. Haskin, ante ; Smith v. Felton, 43 N. Y. 419; Lindsay v. Jackson, 2 Paige, 580. It is in accordance with natural equity that mutual debts should be held to apply, one against the other, and that the balance only should be received. Id. In Holbrook and Firm v. Receiver, etc., 6 Paige, 220, a suit had been brought by the receiver of an insolvent insurance corporation against the plaintiffs, upon their joint bond given to secure a loan claimed to have been made by the corporation to Holbrook and secured by his mortgage on real estate. Holbrook had a claim against the corporation for a loss upon a policy, and one of the questions involved was as to the right of Holbrook to have the amount of the loss applied upon the bond. The chancellor denied the relief on the ground that all the creditors of the company were entitled to share in the assets of the corporation ; but held that, except for this reason, the set-off should have been allowed.

It has been frequently held that, as to the right of set-off in equity, the fact that the debt owing to the insolvent is not due, when he makes an assignment, is entirely immaterial. Rothschild v. Mack, 115, N. Y. 1. The setting it up as an off-set is a waiver by the debtor of any defense upon the ground that the debt is not due. Such waiver of the right to demand the full time in which to pay his debt can lawfully and properly be made by the debtor. Id.; Lindsay v. Jackson, 2 Paige, 581, 584 ; Smith v. Felton, ante. In equity, the right to a set-off does not depend upon the statute, but upon the equities existing in each particular case. The fact of the insolvency of one of the parties, so that no satisfaction can be obtained by a direct proceeding against defendant for recovery of the debt, frequently gives rise to the right of set-off aside from any other fact. Id.

In Rothschild v. Mack, ante, a firm, to whom plaintiffs were indebted in the sum of $2,796.77, which indebtedness fell due about Jan. 1, 1885, delivered, on Sept. 6, 1884, to plaintiffs a note for $5,000, indorsed by said firm. They requested plaintiffs to indorse and procure the note to be discounted for the benefit of their firm. They represented that the note was perfectly good and promised to pay it at maturity. These representations

were false and fraudulent. The makers and indorser were both insolvent. The plaintiffs, relying on the representations and upon the fact that they were debtors to said firm, indorsed the note, procured it to be discounted and sent the proceeds to said firm. On Sept. 19, 1884, the latter made a general assignment to defendant for the benefit of creditors, and, on Sept. 20, 1884, the makers of the note made a general assignment. The plaintiffs paid the note after protest and requested defendant to apply sufficient of the amount due to them to the extinguishment of the amount due from them to the assignee. The assignee refused, and plaintiffs brought an action to compel an equitable set-off. And it was held that the action was maintainable to compel such application ; that the assignors, having obtained the money by means of fraud, at once became liable to repay the same, and the fact that plaintiffs indebtedness was not due, when the assignment was made to defendant, did not affect their right of set-off.

An action in the nature of an action in assumpsit lies against one who has obtained money by a fraud, and such a claim is a proper subject of set-off in an action brought by the party against whom it exists. Rothschild *v.* Mack, *ante.* An assignee of such party takes a cause of action subject to such defense. The money thus obtained is, in contemplation of law, money received for the use of the party who is defrauded. The law implies a promise, on the part of the person who thus obtains it, to return it to the rightful owner. The tort arising from the manner in which the money was obtained may be waived and the action founded upon the implied contract. Harway *v.* Mayor, etc., 1 Hun, 628; Bank of Dallas *v.* Nat. Park Bank, 32 Id. 105 ; Wood *v.* Mayor., etc., 73 N. Y. 556; Rothschild *v.* Mack, *ante.* In the last case, the defendant's assignors obtained money, to the amount of nearly $5,000, from the plaintiffs by means of fraud, and at once became liable to repay the same. This cause of action was on contract and existed the moment the assignors obtained the money from the plaintiff. It was, therefore, in full life when they assigned their property to the defendant, who took it subject to all defenses existing against it, while owned by the assignors. See Chance *v.* Isaacs, 5 Paige, 592, 594 ; Gay *v.* Gay, 10 Id. 369 ; Smith *v.* Felton, *ante.*

In the case of Chance *v.* Isaacs, *ante,* the complainant, at the time of the assignment by Isaacs, had already indorsed and transferred the note made and delivered by Isaacs to him. He was only contingently liable thereon if not paid at maturity. Isaacs was not guilty of any fraud in executing and delivering the note to complainant. The complainant took up the note at maturity and asked to set-off his debt to the assignor upon two notes, made by him, against the note which he had taken up. The prayer was refused on the ground that the note did not belong to complainant at the time of the assignment, and that no equitable right of set-off then existed, which attached to the complainant's notes in the hands of the assignee. The court stated that the fact that the note executed by Isaacs was not due, when the assignment was made, would not prevent the off-set, if the plaintiff had only become the owner of the Isaacs note at the time of the assignment.

But in Rothschild *v.* Mack, *ante*, the cause of action, in the nature of one in assumpsit, existed in favor of the plaintiff against the defendant's assignors at the very time of the making of the assignment. This cause of action was held to be a proper off-set against the debt due from plaintiffs to defendant, as assignee, to the extent necessary to extinguish such indebtedness.

The application of one judgment upon another is not a matter of absolute right, but is within the equitable discretion of the court to which application for the set-off is made. Alexander *v.* Durkee, 112 N. Y. 655. In this case, the administrator of the deceased executor had a judgment against the moving party, and the latter a decree of the surrogate adjudging to him as due a fixed amount. This decree directed payment in a particular manner, that is, by application upon the indebtedness for the balance of which judgment was rendered. The application is for an order applying one judgment upon another. And it was held that this is never matter of absolute right, but an appeal to the equitable discretion of the court. See Smith *v.* Lowden, 1 Sandf. 696 ; Baker *v.* Hoag, 6 How. 201.

Where items cannot be allowed as a legal off-set or counterclaim, the court, upon principles of natural equity, may sometimes use them in reduction of plaintiff's demand. Armstrong *v.* McKelvey, 104 N. Y. 179. But this power should be very cautiously exercised, and only in a case where the equity invoked is entirely clear and certain. It is never justified save where other remedies are impossible, and where the demand allowed is put beyond reasonable doubt. Id. But where the facts shown raise rather a reasonable suspicion of a right, than clear and controlling proof of its existence, the doctrine of natural equity will not be applied. Id.

The general rule is that equity requires cross demands to be set-off against each other, if, from the nature of the claim or the situation of the parties, justice cannot otherwise be done. Acer *v.* Hotchkiss, 97 N. Y. 395 ; Coffin *v.* McLean, 80 Id. 564 ; Smith *v.* Felton, *ante.*

In the case first cited, there were cross demands held by each party in his and their own right, due and payable at the commencement of the action. The plaintiffs were insolvent. Defendant's claim against plaintiff was intended to reimburse him for his assumption of plaintiff's claim. Equity will readily lay hold of facts like these to establish an off-set, and so reach substantial justice. But, undoubtedly, such equitable off-set is now embraced in the definition of a counterclaim. § 501 of Code.

Where a defendant in an action on contract sets up in his answer facts which fail as a defense, but which establish an equitable right of set-off, and such facts are proved without objection on the trial, and are found by the court, defendant is entitled to the benefit thereof, though the averments in his answer are not characterized as a counterclaim. Id.

Equity requires that, when two claims are connected, though one is unliquidated, set-off should be compelled when, by reason of the insolvency of either debtor, satisfaction cannot be obtained. Littlefield *v.* Albany County Bank, 97 N. Y. 581; Gay *v.* Gay, *ante ;* Davidson *v.* Alfaro, 80 N. Y. 660.

Where one debt may fairly be presumed to have been contracted on the

faith of the other, each forming part of a single transaction, the insolvency of one party renders the interposition of the court necessary for the protection of the other party.    Id.

In Coffin *v.* McLean, *ante*, three of the defendants, in an action brought by them against plaintiff's assignor to recover possession of personal property, gave an undertaking executed by them and by the other defendants as sureties, on a claim for the immediate possession of the property.   Before the determination of that action, plaintiff's assignor became insolvent, and made a general assignment to plaintiff.   The latter defended the action and recovered a judgment therein for the value of the property and issued execution thereon without effect, as the plaintiff in that action had become insolvent.   In an action upon the undertaking, defendants claimed to be allowed as a set-off an indebtedness of the assignor to the principals in the undertaking, part of which was due and payable before, and a part after, the assignment to plaintiff; but all of which was due and payable before there arose a cause of action upon the undertaking.

At law the right of set-off is a creature of the statute.   The statute does not give it to defendant, where there are more than one, unless the demand sought to be set-off is due to them all jointly; or unless a separate judgment may be had in the action between one or more of them and the plaintiff.   Nor is it permitted, except when the demands are mutual, that is, where both were due and payable before the transfer of either to third parties.   Id.   Patterson *v.* Patterson, 56 N. Y. 574; Jordan *v.* Nat. S. & L. Bank, *ante ;* Beckwith *v.* Union Bank, 9 Id. 211.

But equity will take hold of the facts, that three of the defendants are principals in the undertaking, and two of them are sureties; that the plaintiff's assignor was then insolvent; and that the assignor was indebted to the principals in the undertaking, and that they were then insolvent. The general rule is that equity requires that cross demands should set-off against each other, if, from the nature of the claim or the situation of the parties, justice cannot otherwise be done.   Coffin *v.* McLean, *ante ;* Smith *v.* Felton, *ante.*   Insolvency of one of the parties, *ceteris paribus*, is a sufficient ground for an allowance of a set-off in equity.   Id.   Though one of the parties seeking the set-off is a surety for the other, equity will adjudge it in favor of both against a demand collectable of both parties.   The force of the rules is strengthened, when insolvency is the state of the surety's principal, as well as of the person suing.   If equity would allow the set-off, here claimed against the assignor, were he the owner of the claim in suit and the plaintiff in the action, it will allow it against his assignee. The latter takes the claim subject to all equities against the assignor existing at the time of the assignment.   Id.

But this right of equitable set-off may be defeated by the superior equities of plaintiff or of the creditors of the assignor.   Id.   In Coffin *v.* McLean, *ante*, the defendants, who are urging the set-off, formerly set up an unfounded claim to property of the assignor, and took it away from him under form of law.   They kept that property and put it to their own use. By so much as it was worth, they lessened the assignor's ability to pay his

creditors. The undertaking is in lieu of that property. It is not equitable, as between the defendants and the other creditors of the assignor, that the former should have and keep that property, and also have their indebtedness against him for the purchase price of it, satisfied in whole or in part, by the application thereto of the amount of the undertaking. One set of creditors would, if it was allowable, receive from the assignor's assets much more than any of his other creditors. The equities of these creditors are, therefore, superior to the rights of the defendants to the equitable set-off. Id.

In Davidson *v*. Alfaro, *ante*, it was held that cross-demands, though unliquidated by judgment, and not within the statute of set-off, will in equity be set-off against each other, if, from the situation of the parties, justice cannot otherwise be done. See Gay *v*. Gay, *ante ;* Knapp *v*. Burnham, *ante*. And the insolvency of one of the parties is sufficient ground for its allowance. Smith *v*. Felton, *ante*. In such case, it is right to adjudge a set-off, unless superior rights or equities of other persons have intervened. Davidson *v*. Alfaro, *ante*.

In Lindsay *v*. Jackson, *ante*, the complainants had given their negotiable promissory notes, which were not due at the commencement of the action. After making the notes, the defendant became indebted to the complainants upon an acceptance which had matured, but they had become insolvent and stopped payment. The bill was to restrain the defendant from negotiating or disposing of the notes, and praying that they might be set-off or applied in part satisfaction of the money due on the acceptance. It was held that it was a proper case for an equitable set-off, and that the complainants were entitled to the relief sought.

In Smith *v*. Felton, *ante*, an action was brought upon a promissory note made by defendants and discounted by a private banker. The latter became insolvent and assigned to plaintiff. The defendants had to their credit in the bank, subject to their draft, an amount considerably more than sufficient to pay the note, which had not then matured. And it was held that the amount of a partnership deposit with an insolvent banker was a proper subject of set-off in an action brought by the assignee of such banker, on a note held by the banker, made by one of the partners and endorsed by the other for partnership purposes; though such note was not due at the time of the assignment.

It is enough that justice and equity demand that the debts should be set-off against each other, rather than that the defendant should be made to pay the note, and left to rely upon the estate of an insolvent debtor for the payment of a debt due them. Technical objections, which would be valid at law, will not avail to defeat an equitable set-off. Id.

Where the plaintiff has a claim against the defendant, and the defendant has one against the plaintiff, the insolvency of the plaintiff furnishes sufficient ground for the interposition of equity. Spofford *v*. Rowan, Ct. of App., Jan., 1891. But this is not the case with a single member of a firm, where there is no allegation that the firm is insolvent, and where its members are not parties to the action. One member of a firm may be in-

solvent, and yet the firm may be solvent. And where other parties are jointly liable upon a claim, they should all be made parties, so that the rights of all may be determined. Id. A joint debt cannot, at law, be set-off against a separate debt; or conversely, a separate debt cannot be set-off against a joint debt. Equity will only interpose under circumstances, in which it is necessary in order to save the claim of the party. To do this, the facts must be alleged entitling the party to equitable relief. Id. Perry *v.* Chester, 12 Abb. N. S. 131; Mynderse *v.* Snook, 1 Lans. 488; Lush *v.* Adams, 10 Civ. Pro 60 ; McCulloch *v.* Vibbard, 51 Hun, 227; Cummings *v.* Morris, 25 N. Y. 625.

In Laney *v.* Laney, 58 Hun, 601, the complaint alleged the appointment of plaintiff as administrator, a settlement of his accounts and the entry of a decree directing payment to defendant of a certain sum; that plaintiff has advanced to defendant sums aggregating more than the amount decreed to be paid; that defendant has filed a transcript of the decree, and issued execution thereon, which has been levied on plaintiff's personal property. It then demanded judgment that the advances be applied in extinguishment of the decree and that an injunction issue to prevent a sale under execution. It was held that the complaint sufficiently stated the cause of action entitling plaintiff to a set-off of the advances against the surrogate's decree.

In Richards *v.* La Tourette, 119 N. Y. 54, an action was brought by an assignee of creditors upon a bond and mortgage which was not due at the time of the assignment. The referee allowed a set-off of the amount of the defendants' deposit with the assignors and that of a certificate of deposit held by him. Neither had been demanded at the time of the assignment. It was held that it was not necessary that it should have been due in order to permit the set-off.

This off-set does not come within the statute in regard to off-set and would not have been allowed in a court of law. It was allowed upon equitable principles by a court of equity for the furtherance of justice, and in carrying out what such a court states is one of the principles which guides it, viz.: the rule of off-setting cross-demands against each other in which there is a natural equity.

In Bradley *v.* Angel, 3 N. Y. 475; Myers *v.* Davis, 22 Id. 492; Martin *v.* Kunzmuller, 37 Id. 397; Jordan *v.* Nat. S. & L. Bank, *ante ;* owing Munger *v.* Albany City Nat. Bank, 85 Id. 580, the debt involved was owing from the insolvent to the party desiring to avail himself of the off-set that was not yet due. In the case first above cited the judge said: "By allowing a set-off in this case the executors would be deprived of the legal right secured to the testator by contract, and the complainants would obtain payment of their debt before it became due, to the prejudice of other creditors of the decedent." In this case, the plaintiffs owed a debt which was then due to the decedent's estate, and the debt from the decedent's estate was not due at the commencement of the action, and would not become due in some time thereafter. The action was brought to compel the executors to apply their claim against the plaintiffs to the claim of the plaintiffs

against the estate, which was not yet due. The court held that this could not be done, either under the statute relating to set-off, or by virtue of the jurisdiction of the court of equity to adjudge a set-off in furtherance of justice. The distinction is very obvious.

To allow a set-off against the estate of an insolvent by setting-off a debt from that estate, not yet by the terms of the contract due, as against a debt then immediately due to the estate, is to effect a change in the contract between the parties, and in the most vital and material portion of it, in order to meet a supposed equity arising from matters *ex post facto.*

But where a debt is due from the insolvent, and it is a debt from the other party to the insolvent which is not due, the court by allowing the set-off, does not change the contract against the will of the parties but it simply takes the waiver of the debtor whose debt is not yet due, and by his consent, and at his request, treats it as due at once. Where an insolvent holds a demand against his creditors, not due, he has no right to retain it as an investment. All of his estate is to be used at once for the payment of his debts. The party who owes the debt which has not yet matured, has, under the circumstances of the insolvency, and where third persons are not injured, the right, if he desires it, to treat his obligation to the insolvent as due at once ; and, if the insolvent's debt to him is also due, he has the right to off-set the two demands.

The case of Jordon *v.* National S. & L. Bank, *ante,* is entirely in accord with these principles. In that case, it was held that there was no foundation for the defendant's claim that it had a banker's lien on the funds of the depositor to secure the payment of a debt from the depositor not then due. But it was a case which was to be decided on the statute of set-off, and, upon that statute, there was no pretense that it could be allowed. The power of the court to compel the set-off independent of any statute, if facts for equitable interposition should be shown, was distinctly recognized in the opinion. It is intimated that, if there were any circumstances existing which render it inequitable to deny set-off, the party may set them up in an action on the demand against himself, and invoke the equity power of the court for that purpose. The case of Munger *v.* Albany City Bank, *ante,* recognized the same general principles. In that case, the note, in regard to which the principle of set-off was to be applied, was transferred by a Rochester Bank to the defendant before it became due. The latter took it, in the ordinary course of business, in good faith and for a valuable consideration, and without notice of any claim in regard to or off-set connected with it which might have existed in favor of plaintiff in the hands of the Rochester Bank.

In the case of Richards *v.* Village of Union, 48 Hun, 263, the court refused the set-off of the debt due by the insolvent at the time he made the assignment, simply because the debt from the village to the insolvent was not then due. This decision is opposed to the foregoing principles. The very fact of the insolvency gave to the party, to whom the insolvent owed the debt, the right to regard his own debt to the

6

insolvent as due at once and to off-set the two debts against each other. It was no defense in Richards *v.* La Tourette, *ante,* to the off-set, that the certificate of deposit had not been ·presented to the assignors and a demand made for its payment prior to the assignment. To maintain an action originally upon a certificate of deposit against a person or banking institution signing it, a presentation of the certificate, with a demand for its payment, may be necessary. This principle is invoked for the purpose of protection against the claim that the debt was due at the time the certificate was delivered and that the drawer is liable for the payment of principal and interest at that time ; and also as an answer to the statute of limitations, where the certificate has been outstanding more than six years. But upon a proceeding to enforce an eqitable set-off, where off-sets are to be allowed as between parties upon principles of equity and justice, the fact that no technical demand was made for the payment of the certificate has no weight. For such a purpose, the claim of off-set may be regarded as a demand.

Neither did the defendant lose his right of set-off because he commenced an action and recovered a judgment against the insolvent, subsequent to the assignment, for the amount of his debt. Richards *v.* La Tourette, *ante.* The reason why an off-set is allowed in favor of an individual against insolvent estates, where his claim is not yet due is because he cannot obtain any satisfaction by proceedings at law, and that, unless the off-set is allowed, he can obtain no satisfaction in any way. Proof of the insolvency of the party owing the debt is sufficient evidence of such inability. The fact of that inability is rendered no less certain, where, in addition to other proof of insolvency, it is shown that a judgment has been recovered for the debt, and that an execution, issued thereon, has been returned unsatisfied. Id. `

In Dimock *v.* Wilbor, Sup. Ct., May, 1888, plaintiff recovered judgment for costs against one Favor on March 12, 1883. She, on Dec. 11, 1882, recovered judgment against plaintiff for the sum of $1, 208.25, damages and also the costs of the action. She was insolvent and unable to pay plaintiffs' judgment. She had assigned her judgment to defendant on Nov. 8, 1883. At the time of the assignment, the equities of the plaintiffs had been fixed so far as a right of set-off was concerned. Smith *v.* Felton, *ante* ; Smith *v.* Fox, 48 Id. 674. This equity was not dependent upon any preceding request to be made by the plaintiffs to the defendant for the allowance of the set-off. The omission to make the request can go no farther than to affect the question of costs. Dimock *v.* Wilbor, *ante.*

A court of equity has the power to ·permit an equitable set-off, in cases not within the statute, if, from the nature of the claim, or the situation of the parties, justice cannot be obtained by a cross action, even though the debt of the complainant to the defendant is not due, if the defendant is insolvent. Rothschild *v.* Mack, 42 Hun, 72 ; Lindsay *v.* Jackson, *ante ;* Gay *v.* Gay, *ante,* Smith *v.* Fox, *ante ;* Davidson *v.* Alfero, *ante ;* Shipman *v.* Lansing, 25 Hun, 290.

In Shipman v. Lansing, *ante*, the assignee of an insolvent firm sought to recover from defendants money held in trust for one of the partners, to the possession of which he had become entitled after the date of the assignment. The individual debts of the partners had been paid out of their private property. The firm, at the time of the assignment, was indebted to the defendant for trust moneys deposited with it. And it was held that the defendants were entitled to set-off the amounts due from the firm against the amount due to the said partner.

In Weston v. Turner, Sup. Ct. May, 1887, an action was brought in equity to procure a judgment directing that a claim held by the plaintiff against one of the defendants be set-off against a judgment obtained by said defendant against the plaintiff herein, and assigned by him to another of the defendants. The complaint set out the relation of the parties in the other suit, how that suit arose, in what manner and on what questions the said judgment was decided, when the judgment was assigned, that it was after plaintiff's claim became due, that the first named defendant was insolvent and that the demand would be lost, unless it was applied in reduction of said judgment. The defendants demurred to the complaint on the ground that several causes of action were improperly united. It was held that the complaint states but one cause of action, and that the averments were necessary for the purpose of showing that the claim was the subject of equitable set-off.

Equity requires that cross claims be set-off against each other. Where the prior parties on a note are insolvent, and the intestate's estate is insolvent, so that, if the defendant is compelled to pay, he is remediless, the rule is settled that, even in a case not within the statute of set-off, set-off will be allowed, if justice cannot otherwise be done. Brooks v. Cannon, City Ct. of N. Y. Apr., 1887.